THE CITY OF NEW HAVEN *vs.* THE NEW HAVEN WATER COMPANY.

The legislature incorporated the New Haven Water Company, with power to open the grounds in any streets of the city of New Haven, for the purpose of laying and repairing water pipes, and to establish the water rents to be paid. At a later session, and after the company had expended a large amount, the legislature granted a revised charter to the city, in which the common council

were authorized "to regulate or prohibit the excavating or opening of the city streets, for public or private purposes, and to regulate the laying of gas pipes, water pipes and drains." Under this grant the common council passed an ordinance requiring the water company to pay $1 for a license to open an unpaved street, $10.for every nine hundred feet of pipe laid, and $50 for opening any paved street.   Held—

1.   That the right conferred upon the common council, so far as the operations of the water company were concerned, was one of regulation merely.

2.   That under this power the common council had the right to establish a reasonable fee for granting a license to the company to open a street · but that there could not be an assessment of taxes for revenue under the form of a license fee.

3.   That the amount of the fee should be fixed with reference to the reasonable cost of issuing the license.

4.   That the fees established by the common council were, both in their amount and in the graduated principle upon which they were fixed, unreasonable and illegal.

When the legislature has granted special privileges at different sessions to two independent corporations, the court will not so construe any general expressions in the last grant as to effect a repeal or destruction of the first.

AMICABLE SUBMISSION to the Superior Court upon an agreed statement of facts; reserved for the advice of this court.   The case is sufficiently stated in the opinion.

*S. L. Bronson*, for the plaintiffs.

*C. R. Ingersoll* and *S. A. York*, for the defendants.

PARDEE, J.   The legislature chartered the New Haven Water Company in 1849, for the purpose of supplying the city with water, and gave them power to open the ground in all streets, avenues and highways therein for the purpose of laying and repairing water-pipes; providing that they should not injure any street or highway, but should leave them in as good and perfect condition as before such opening; also, that they might establish the prices or rents to be paid for the water.   Upon this grant the company has invested a large sum of money in making reservoirs for holding, and laying pipes for distributing water.

In 1869 the legislature granted a revised charter to the city of New Haven, and therein authorized the court of common council of said city "to regulate or prohibit the excavating or opening of streets, highways and public grounds for public

or private purposes, and the location of any work or thing therein, whether temporary or permanent, upon, over or under the surface thereof, and the removal of buildings upon or through the same; and to regulate the laying of gas pipes, water pipes and drains for public or private purposes in the streets of the city." Under this grant the city has established and proposes to enforce against the water company an ordinance requiring them to pay to the city the sum of one dollar for a license to open an unpaved street, ten dollars for every nine hundred feet of pipe hereafter laid in any paved street, and fifty dollars for opening any paved street. The company denies the right of the city to enforce this ordinance against them; and this is the question before us.

The city insists that by the section quoted the legislature has clothed the common council with power absolutely to prohibit the laying of new and the reparation of old pipes by the water company; that is, to destroy or repeal the prior grant to them.

The grants to the company and to the city respectively were made at sessions of the legislature separated by years. . There is no necessary connection between them; they bear no natural relation to each other. The purpose of the grant to the company is beneficial to the public; the distribution of water promotes health and furnishes protection against fire. Presumably the legislature would protect rather than destroy the franchise. There is not in the city charter any expressed intention to abridge any of the privileges granted to the company; much less any intention to delegate to the court of common council the right to terminate them. The language of the section taken as a whole does not authorize the court to carry the power of inference so far as to say that, without notice, without mention of·their name, without cause and without hearing, the legislature intended thus indirectly to incorporate in the city charter a repeal of that granted to the company. When the legislature has granted special privileges at different sessions to two independent corporations, the court will not find in any general expressions in the last grant a repeal or destruction of the first.

City of New Haven *v.* New Haven Water Company.

The right therefore conferred upon the city is one of regulation merely. Under this the power in the matter of fees for licenses is thus spoken of in the case of *Welch* v. *Hotchkiss*, 39 Conn., 143. The court says: "Whenever a municipal corporation is authorized to make by-laws relative to a given subject, and to require of those who desire to do any act or transact any business pertaining thereto to obtain a license therefor, the reasonable cost of granting such licenses may be properly charged to the persons procuring them, although the power to do so is not expressly given in the charter." Clearly the fees required of the company in the ordinance before us cannot be brought within this decision. The cost of issuing a license can be no greater for eighteen hundred feet of pipe than for nine hundred, and yet the fee is doubled; the cost can be no greater for a paved than for an unpaved street, and yet the cost is raised from one dollar to fifty dollars. The magnitude of these fees and the graduated principle upon which they are established force us to declare that they are not designed for the sole purpose of paying the cost of the licenses. While in form and name license fees they become in reality an irregular assessment of taxes for revenue. As such the city cannot enforce the ordinance before us against the water company. The court in the case just cited mentioned fifty cents as a fee for a license which by reason of its smallness would escape their condemnation. We will not change the standard for the purposes of the present case.

We advise the Superior Court to render judgment in favor of the water company.

In this opinion the other judges concurred.