# Richmond.

## ROCHE v. JONES, SERGEANT.

### March 5th, 1891.

1. CONSTITUTION—*Appointment of town officers.*—The legislature incorporating a town may appoint the officers to exercise their functions until a regular election, notwithstanding Constitution, Art. 6, § 20, provides that town officers shall be electors of such towns.

2. MUNICIPAL ORDINANCES—*De facto officers.*—Councilmen so appointed and exercising their functions, are *de facto* officers, and their acts in levying a license tax, authorized by the charter, are binding, even though one of them, after moving beyond the corporate limits, continued to perform his official duties and participated in said acts.

3. IDEM—*Construction of statutes.*—Code, § 1016, *held* not to apply to a town having less than 5,000 inhabitants, and no corporation court, notwithstanding Code, § 5, ch. 16, provides that the word "city" shall be construed to mean a town of 5,000 population and a corporation court.

4. IDEM—*License—Expiration.*—Code, § 550, *held* to apply only to State, and not to municipal licenses, which may be prescribed to expire June 30th, instead of April 30th, of each year.

Appeal from decree of circuit court of Elizabeth city county, rendered February 7th, 1890, in a cause wherein W. W. Roche and others (liquor dealers under the laws of the State) are complainants, and I. S. Jones, sergeant of the town of Hampton, Virginia, and Jesse S. Jones, treasurer of said town, are defendants. The decree being adverse to Roche and others, they appealed to this court. Opinion states the case.

*M. T. Hughes,* for the appellants.

*A. S. Segar*, for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The prayer of the bill in this cause was to restrain and perpetually enjoin the aforesaid defendants from collecting the license tax imposed by an ordinance of the council of the said town of Hampton, passed 28th June, 1889. An injunction was awarded according to the prayer of the bill on the 17th of July, 1889, by the judge of the corporation court of the city of Norfolk, and on the 7th day of February, 1890, the circuit court of Elizabeth City county, by the decree appealed from, dissolved the said injunction and dismissed the bill of complainants.

The validity of the tax is assailed (1) Because, it is alleged, the 14th section of the act approved May 23d, 1887, entitled, "An act to incorporate the town of Hampton," which reads as follows: "J. S. Darling and J. W. Richardson from the first ward; A. D. Wallace and James McMinamin from the second ward; and Luke B. Phillips and John W. Williams from the third ward, are hereby declared and appointed councilmen of the said town, to be qualified as prescribed by law, and they shall constitute the council of said town until their successors are elected and qualified"—is in conflict with that portion of the 20th section of the 6th article of the Constitution of Virginia, which provides that "all city, town and village officers, whose election or appointment is not provided for by this Constitution, shall be elected by the electors of such cities, towns and villages, or of some division thereof, or appointed by such authorities thereof as the General Assembly shall designate." This assignment, of error is not well taken. The section is merely enabling, and plainly intended to apply only to officers to be chosen under the Constitution after the municipal government became fully and regularly established, and not to officers appointed by the act itself to perform

requisite duties until a regular election could be held. *The Richmond Mayoralty Case*, 19 Gratt., 674.

The legislature created the office, and it existed *de jure;* and the incumbents, named and appointed by the act itself to start and put into operation the organization of the town, were constitutionally appointed, and, so far as the validity of their acts is concerned, they were clothed with the insignia and authority to exercise the powers and functions of their appointment. See *Norton* v. *Shelby County*, 118 U. S. Rep., pages 444, 445, 446, 447, and cases cited; *Leach* v. *People*, &c., 12 N. E. Rep., 726; *Clark* v. *Town of Easton*, 14 N. E. Rep., 795.

It is contended that section 14 of the said act of incorporation is in conflict with section 1016 of Code of 1887, which applies expressly and only to cities containing a population of 5,000 or more and having a corporation or hustings court, and cannot apply to the town of Hampton; but, even if the contention were well taken, the conflict could not affect the validity of the acts *de facto* of the council named by the charter. And we think the intention of the legislature is plain to provide by the 4th section of the charter for the election of the regular and permanent officers of the town, and by the 14th section for the requisite officers until such election could be held.

The fourth objection raised is, that the tax was levied by less than a *two-thirds* vote of the council, and is, therefore, in violation of the requirement of section 1035 of the Code of 1887. The council is composed of six members, four of whom constitute two-thirds. Five members were present at the meeting which passed the tax ordinance, four of whom voted for and one against the ordinance.

It is alleged that Councilman A. D. Wallace, who voted for the ordinance, had, about two weeks before its passage, moved his residence beyond the corporate limits of the town, and had thereby vacated his office of councilman; and that, consequently, his vote was a nullity. But this is a *non sequitur;* as

Wallace had continued to exercise his office as councilman, and to discharge its functions, until 1st July, 1889, when his successor qualified.  He was a *de facto* councilman, and his acts, as such, were valid and binding.  *Monteith, Sheriff,* v. *Commonwealth,* 15 Gratt., 172; *Griffin's Ex'or* v. *Cunningham,* 20 Gratt., 40; *McCraw* v. *Williams,* 33 Gratt., 513; Blackwell on Tax Titles, p. 100–103.

The next objection urged is that the ordinance, because it makes the town-license year commence on the 1st day of July and end on the 30th day of June succeeding, is in conflict with the general law of the State (Code of 1887, section 555), which prescribes that the year shall expire on the 30th of April of each year.

The section 555 refers only to State licenses; and the council of a city or town is expressly authorized to impose a license tax, and to make regulations concerning the same (Code 1887, sec. 1042).  The power to license a particular occupation involves, necessarily, the defining and determining of the extent and duration of the grant or license (1 Dillon's Municipal Corporations, secs. 357–358).  But by an ordinance passed by the council July 22nd, 1889, the ordinance of June 28th, 1889, was amended and re-enacted, making the town-license year to conform to the license-year of the State.

It is objected that this ordinance making the change is retrospective; but the record shows that no tax had, prior to its enactment, been collected; and, under the ordinance of June 28th, 1889, this tax did not become due until application for the town license should be made.  But even a retrospective statute curing defects in legal proceedings, where they are irregularities only, is not void.  *Town of Danville* v. *Shelton,* 76 Va., 336; Cooley's Const. Lim. (2d ed.), sec. 371.

There is nothing vague or uncertain in the ordinance objected to; and under it the rights of the complainants are fully preserved and guarded.

The sections 1, 7, and 8, of the charter of the town of Hamp-

ton, and sections 1035, 1038, 1039, 1040, 1041, 1042, 1043, 1044, 1045, 1046, and 1047, of the Code, fully empower the town council to impose the tax in question.

There is no error in the decree complained of in this appeal, and our judgment is to affirm it.

DECREE AFFIRMED.