## FESSENDEN IVES *vs.* THE TOWN OF GOSHEN ET AL.

First Judicial District, Hartford, January Term, 1895. ANDREWS, C. J.,
            TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A taxpayer is not aggrieved by the action of the assessors or board of relief,
    unless such action has resulted in an improper listing of his own prop-
    erty, or that of others so as to increase his taxation.   If the underval-
    uations of certain taxpayers made parties defendant are fully offset
    by the overvaluations of others also made defendants and the plaintiff's
    own property is correctly valued, he has no just cause of complaint.

Section 3863 of the General Statutes authorizes the court to tax double or
    triple costs if the application of the taxpayer for relief appears to be
    without probable cause.   *Held* that it was not necessary for the defend-
    ant in his answer to claim such penalty, nor to allege any facts sup-
    porting such claim.   The taxation of double or triple costs by the
    court is sufficient evidence that the application did appear to the trial
    court to be without probable cause.

[Submitted on briefs January 2d—decided January 18th, 1895.]

ACTION in the nature of an appeal from the doings of the
board of relief of the town of Goshen, brought to the Supe-
rior Court in Litchfield County, and tried to the court,
*Robinson, J.;* facts found and judgment rendered for the
defendants, from which the plaintiff appealed for alleged
errors in the rulings of the court.   *No error.*

The case is sufficiently stated in the opinion.

*George A. Hickox, John T. Hubbard* and *Charles D. Bur-
rill,* for the appellant (plaintiff).

I. Section 3860 of the General Statutes, under which this
appeal is taken, closely resembles § 643 allowing appeals from
the doings of commissioners on insolvent estates.

Under this latter statute it has been held, that not only
may a creditor have an appeal, when aggrieved by the com-
missioners' finding in regard to his own claim, but when
aggrieved by their improper allowance of the claims of other
creditors, whereby his own dividend is lessened.   *Saunders
v. Dennison,* 20 Conn., 524.   In precisely the same way the
plaintiff in an appeal from the doings of assessors may show,

that he is aggrieved by the under-assessment of the property of other taxpayers, as well as by the over-assessment of his own property.

No doubt the lists of other taxpayers cannot be increased without due notice. The mode of giving such notice on appeals to boards of relief is regulated by statute (Pub. Acts of 1893, p. 259) and this court has suggested, in the case of *White* v. *Town of Portland*, 63 Conn., 18, that in appeals to the Superior Court, where an increase of lists of other taxpayers is claimed, they must be made parties to the appeal. That has been done in the present case. All the parties are properly before the court, which may consequently increase the lists of any of the defendant taxpayers whose property has been under assessed.

II. The trial court found that the property of several of the defendants was undervalued; their valuations should therefore have been increased. This was not done because, as appears from the record, the trial court was of opinion that the overvaluations of other defendants were, in the aggregate, in excess of such undervaluations. This is, we think, the first time that the theological doctrine of "Works of Supererogation," whereby the excessive good works of the saint help out the sinner somewhat short in his account, was ever made use of in a court of justice! The objections to this novel proceeding are manifest. All the defendants in this suit have pleaded a general denial. None claim to have been over-assessed. In the absence of any such claim, has not the court traveled outside the issues before it, in its attempt to set off the over-assessments of some of defendants, against the under-assessments of other defendants? In a former case between these parties, *Ives* v. *Town of Goshen*, 63 Conn., 78, this court held the plaintiff to the issues actually pleaded. We ask the application of the same rule to the present case.

III. If the defendants intended to claim double costs, they should have set forth the facts in their answer upon which they relied to support such claim. *Broschart* v. *Tuttle*, 59 Conn., 2. The judgment in the present case is silent on this point. Double costs are not allowed (General Statutes,

§ 3863) merely at discretion of the court. To sustain such a judgment there should be an explicit finding of the fact that the plaintiff's appeal was without probable cause.

*Walter S. Judd, James Huntington* and *Arthur D. Warner*, for the appellees (defendants).

I. The trial court having found that the property of certain of the defendants was overvalued to a greater amount than the undervaluations of other defendants, very properly ruled that the plaintiff, whose property was found to have been justly valued, had no grievance. The plaintiff claims that the court could not regard these overvaluations, because there was no allegation to that effect in the answer of the defendants. But no such allegation was necessary. The issue was whether the plaintiff's taxes had been increased by the undervaluations of the property of the forty-three defendants. Upon this issue the trial court was clearly entitled to take into consideration the overvaluations of some of the defendants to counterbalance the undervaluations of others. General Statutes, § 3863. It expressly appears by the finding that the plaintiff's taxes have not been increased by reason of the valuations placed by the assessors upon the real estate of the forty-three defendants. The action taken by the court was just and equitable. *Ives* v. *Goshen*, 63 Conn., 79.

II. The court did not err in granting double costs to the defendants. The fact that all of the plaintiff's allegations were found untrue, was in itself a sufficient reason for the court to adjudge the plaintiff's application to be without probable cause. Moreover, the finding leads to the same conclusion. The taxation of costs on these applications is entirely within the discretion of the trial court. General Statutes, § 3863.

HAMERSLEY, J. The plaintiff, being dissatisfied with the action of the assessors in listing his property for taxation, appealed to the board of relief; the board declined to make any change, and he applied to the Superior Court for relief;

the court found that he was not aggrieved by the action of
the board. This is an appeal from the judgment of the Supe-
rior Court. The errors assigned are : First, that the court
erred in not increasing the valuation of certain pieces of land
owned by a few persons made defendants to the application,
admittedly undervalued, notwithstanding the court found
that the overvaluation of land belonging to the other defend-
ants was more than sufficient to offset the undervaluations
proved, and that the plaintiff's taxes were not increased by
the valuations fixed by the assessors ; second, that the court
erred in ordering the plaintiff to pay double costs of suit, in
the absence of any allegation in the defendants' answer sup-
porting a claim for double costs, and in the absence of any
statement in the finding of facts or judgment showing that
the plaintiff's application appeared to be without probable
cause.

*First :* An application to the Superior Court for relief
under § 3860 *et seq.* of the General Statutes, is an anomalous
proceeding, first authorized in 1878. Public Acts of 1878,
p. 280. The assessment of property for taxation is an admin-
istrative proceeding ; the judicial power is called into action
to remedy an illegal assessment. The difficulty of obtaining
redress in such case through an ordinary civil action, prob-
ably induced the legislature to provide this proceeding where-
by an aggrieved party might prevent the infliction of an
injury, viz : the collection of an illegal tax, instead of being
left to his inadequate remedy in a civil action after the injury
had been inflicted. This law does not impose on the Supe-
rior Court the duties of assessors, nor of a board of relief,
unless so far as may be necessary to grant relief to a person
who has been aggrieved by the action of the board. The
statute does not purport to give the court general authority
to review the action of the assessors or board of relief ; said
" court shall have power to grant such relief "—that is, relief
to the aggrieved applicant—" as shall to justice and equity
appertain, * * * upon such terms and in such manner and
form as appears equitable." The question whether or not
the applicant has been aggrieved is made a judicial question,

and must be determined in the affirmative before the power to grant relief, which is in its nature largely administrative, and is given in terms so broad as to imply great discretionary power, is called into action. An applicant can be aggrieved only by such action of the board of relief as must result in his payment of an unjust and therefore practically illegal tax; this can happen only by an improper listing of his own property, or, by an improper listing of the property of others so as to increase his taxation. In this case it is not claimed that the applicant's own property was improperly listed, and the court finds as a fact that the property of others was not improperly listed so as to increase his taxation. Therefore the applicant was not an aggrieved party, and had no standing in court.

*Second:* The statute provides that "if the application appears to be without probable cause," the Superior Court "may tax double or triple costs as the case shall appear to demand; and upon all such applications, costs may be taxed at the discretion of the court." The provision for double or triple costs is made not only for the benefit of the defendant, but also to give the court some control over the abuse of a peculiar proceeding in its nature most liable to abuse. It is not necessary for the defendant in his answer to claim such penalty, and of course not necessary to allege any facts supporting such claim. Whether the application "appears to be without probable cause," is a question for the court to settle, not as a fact in issue upon the pleadings, but as an opinion reached after having heard all the evidence produced, and decided all the issues of fact and law presented. The taxation of double costs by the court is sufficient evidence that the application did appear to the court to be without probable cause.

There is nothing in the finding to indicate that the court was not fully justified in reaching that conclusion.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.