ELLEN M. BUGBEE vs. THE TOWN OF PUTNAM (ELLEN M. BUGBEE'S APPEAL FROM THE BOARD OF RELIEF OF THE TOWN OF PUTNAM).

First Judicial District, Hartford, January Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

General Statutes, § 2348, relating to taxation, provides that the board of relief shall not reduce the list of any resident of this State who shall not offer to be sworn before them and answer all questions touching his taxable property. *Held* that the purpose of this statute was to enable the board to make a full and complete inquiry respecting the taxable property of a resident taxpayer who had appealed to them for relief; but that the statute did not preclude the board, if they saw fit, from temporarily adjourning to the home of a taxpayer, who was too ill to leave his house, and examining him there under oath, pursuant to his offer made to the board by his agent and attorney.

In the present case the board of relief practically accepted such an offer of the plaintiff, who was too ill to leave her house, but suggested that in lieu of all the members of the board going to her house one of them should do so, taking with him a printed form of questions which the board had prepared and which covered all the inquiries they wished to make, and that the plaintiff answer such questions under oath in the presence of such member of the board, and that if this were done it would be treated by the board as a formal adjournment to her house; and this suggestion was then carried out in good faith by all the parties. The board of relief received and considered the written answers of the plaintiff, but refused— for other reasons than her alleged nonappearance before the full board—to make the requested reduction in her tax list, and thereupon she appealed to the Superior Court. Upon demurrer by the defendant to the reply of the plaintiff, which set forth the foregoing facts in detail, it was *held:*—

1. That under the circumstances the course followed satisfied the requirements of the statute, and that the board of relief might lawfully have reduced the plaintiff's list had they been satisfied that her property had been over-assessed.

2. That inasmuch as the board had induced the plaintiff to believe and to act upon their assurance that the course taken would be regarded as equivalent to an appearance by her before the full board at an adjourned meeting, the defendant town would not now be permitted to assert the contrary, and to urge the plaintiff's failure

to appear before the full board as a reason why the Superior Court could not pass upon her alleged grievance.

3. That if it did not sufficiently appear from the plaintiff's allegations that the board had acted officially or by proper vote of their members, that fact could be supplied by evidence.

4. That in designating one of the board to go to the plaintiff's house, administer the oath and take her answers to the questions prepared by the board, none of their powers were delegated.

Submitted on briefs January 4th—decided March 15th, 1916.

APPLICATION in the nature of an appeal from the refusal of the board of relief of the town of Putnam to reduce the valuation placed by the assessors upon the plaintiff's taxable real estate in said town, taken to and tried by the Superior Court in Windham County, *Greene, J.,* upon the defendant's demurrer to the plaintiff's reply; the court sustained the demurrer and, upon the plaintiff's declination to plead further, rendered judgment confirming the action of the board of relief, from which the plaintiff appealed. *Error and cause remanded.*

*John F. Carpenter,* for the appellant (plaintiff).

*Charles E. Searls* and *Charles L. Torrey,* for the appellee (defendant).

THAYER, J. The plaintiff is the owner of certain real estate in the town of Putnam which the assessors assessed and placed in her list at $39,150. She alleges in her application that this amount is in excess of the fair market value of the property, and greatly in excess of the amount for which it should have been assessed under the rule of assessment adopted and used by the board of assessors in assessing property generally in the town, namely, three fourths of its market value. In paragraph seven it is alleged that she appealed to the board of relief and offered to be sworn before them and

to answer all questions touching her taxable property, and that this board refused to give her any relief.

The application thus shows an over-assessment of her property under the rule of assessment fixed by statute, and a disproportionate assessment under the rule alleged to have been adopted by the assessors. In either case she was aggrieved by the action of the assessors, and if the facts alleged in paragraph seven are true she was aggrieved by the action of the board of relief in failing to reduce her assessment. The pleadings are peculiar, paragraph four of the answer denying, except as admitted, paragraph seven of the application, and the reply denying paragraph four of the answer except as admitted in the reply. We suppose that the reply states what in fact was done by the board of relief and the plaintiff, after the appeal from the assessors to that board was taken. The Superior Court and the counsel seem to have treated the facts stated in the reply as substituted for paragraph seven of the complaint, and the demurrer to the reply as a demurrer to the complaint after the substitution. The reply alleges, in substance, that being ill and unable to attend personally the meetings of the board of relief, the plaintiff was represented before them by her agent and her attorney, the former of whom offered to be sworn before them and answer all questions touching her taxable property, and that her agent and attorney requested the board to adjourn to the plaintiff's home that she might in person appear before the board and offer to be sworn, etc., and that the board of relief, who had adopted a fixed form of questions to be submitted to persons who claimed a reduction of their assessment, then informed the plaintiff's agent and attorney that all that the board required was that the plaintiff should sign and swear to the usual statement upon the form above mentioned, and delegated Mr. Seward,

one of the board of relief, to take her answers to the questions so required to be answered, and agreed that they would consider this as an adjournment of the board to the plaintiff's residence. Mr. Seward thereupon repaired to the plaintiff's house and she there offered to be sworn and answer all questions touching her taxable property, and was sworn and did answer such questions, the answers being inserted in the blank provided by the board and subscribed and sworn to, which statement was duly filed by Mr. Seward with the board and was considered by them. The substantial question raised by the demurrer is whether, upon these facts, the plaintiff was aggrieved by the refusal of the board of relief to reduce her list.

Section 2348 of the General Statutes, after prescribing in what manner the board of relief may reduce the list of a taxpayer, provides that they "shall not reduce the list of any resident of this State who shall not offer to be sworn before them and answer all questions touching his taxable property." The claim of the defendant, sustained by the Superior Court, was that under this statute it was necessary for the plaintiff to make a bona fide offer of a personal appearance before the board of relief for an examination at the place and time of meeting of the board, and that as this was not done by her the board could not consider whether her list should be reduced. We think that this is too narrow a construction to be placed upon the statute. The statute clearly places it within the power of the board to require the presence of an appealing taxpayer before them at the time and place of their meeting. In the absence of an arrangement to the contrary, he must offer to be sworn before them at the time of their original meeting or an adjournment thereof. It cannot have been the purpose to permit the taxpayer to fix the time and place of his being sworn and examined.

Bugbee *v.* Putnam.

But there is nothing in the statute to prevent the board from adjourning temporarily to the residence of a taxpayer who is too ill to appear before them at their regular place of meeting, and from questioning him there touching his taxable property. When such taxpayer resides nearby the place of meeting of the board and such an adjournment can be made without inconvenience, it would seem quite proper that for the promotion of justice such an adjournment should be made. The purpose of the statute is to enable the board of relief to examine the taxpayer if they see fit, not only touching the item of property which, he claims, has been over-assessed, but as to other property which he may possess and which has not been listed or assessed by the assessors. The statute does not say that the board shall make such an examination, and in most cases it might not be necessary or desirable to do so. If the board is satisfied that the taxpayer has listed all his taxable property, only the question of valuation is to be considered by them. The assessors and the board of relief are likely to have different opinions from the owner as to the market value of his property for taxation. His sworn statement of his opinion as to such value would not be of great weight with the board in such case. The assessment of property for taxation is an administrative proceeding. *Ives* v. *Goshen*, 65 Conn. 456, 459, 32 Atl. 932. The board of relief is an administrative board, not a judicial tribunal. In performing its duties in valuing property and in correcting and equalizing assessments, it acts largely upon the knowledge of its members as to valuations and as to the taxable property of the taxpayers. The statute in question gives them the power of examining a taxpayer who complains of his assessment, not only as to the property which has been assessed but also as to any other property which he possesses which should be

assessed. We think that the only purpose of the language now in question was to enable the board to make full inquiry, if they see fit, as to the appealing resident taxpayer's taxable property, and this it effectually does. If they see fit they may temporarily adjourn for the purpose of examining such a taxpayer who is too ill to appear before them, just as they may adjourn for the purpose of inspecting property with the value of which their members are not familiar.

In the present case it appears that the plaintiff was too ill to appear in person before the board at their usual place of meeting, but that she appeared by attorney and preferred her appeal, as she might do under § 2352 of the General Statutes, and through her attorney requested the board to adjourn to her home so that she might appear before them and be sworn and answer such questions as should be put to her touching her property. The trial judge properly held this to be a conditional offer to be sworn and examined before them. The board would have violated no statutory duty by refusing to adjourn to the plaintiff's residence. But they did not refuse, and made no objection to the offer on account of the condition. What they did was in effect an acceptance of it. They suggested another course which they agreed should be treated by them as such an adjournment, and submitted, upon a printed form which they had prepared, certain questions, answers to which they said was all that was required by them. These questions were to be answered and sworn to before one of the members of the board designated by them, and this was done by the plaintiff. It is clear from the record that the offer was made by the plaintiff in good faith and accepted in good faith by the board of relief, and that the suggestions of both parties were carried out in good faith and the answers given by the plaintiff duly considered by the board before

reaching its conclusion. As the board might properly adjourn to the plaintiff's house for the purpose mentioned in her request, their acceptance of her request that they should do so was an acceptance of her conditional offer to be sworn before them. If, for their own convenience, they sent one of their number to administer the oath and ask the questions which the board prepared for the purpose, instead of going themselves, she ought not for that reason to be deprived of her right of appeal. She complied with the statute when she in good faith offered to be sworn before them at her house and they had accepted her offer; provided, of course, that she afterward did all that they required her to do. As she did this, the board of relief might lawfully have reduced her list had they been satisfied that she was aggrieved by the doings of the assessors. They apparently acted in entire good faith upon this view of the matter, and they did not dismiss her appeal upon the ground that she had not offered to be sworn before them; but considered the sworn answers which she had given, and refused upon other grounds the relief for which she asked.

But had they, upon the facts shown in the pleadings, dismissed her appeal without a reduction of her assessment, upon the ground that she had not offered to be sworn before them, such conduct upon their part would have been wrongful and a grievance warranting this appeal. Having told her through her attorney that the course afterward pursued would be treated as equivalent to an appearance before the full board at an adjourned meeting, she might safely rely upon its being so treated. To treat it otherwise without notice to her would be to deprive her of a right which the statute gave her. This appeal is taken under General Statutes, § 2354, and is a proceeding to call into action the judicial power to correct grievances suffered at the hands of the

administrative boards which are charged with the assessment of property for taxation. *Ives* v. *Goshen,* 65 Conn. 456, 459, 32 Atl. 932. Upon the facts stated in the pleadings the town of Putnam is not permitted to say that because of her failure to appear before the full board they could not reduce her list.

Two grounds of demurrer, not much pressed in the defendant's brief, are: first, that it does not appear that the action of the board in assenting to the plaintiff's offer, and in delegating Seward to go to the plaintiff's house and administer the oath and ask the questions proposed, was official and done by proper vote of the board; and second, that the board could not legally delegate their powers to one of their number. Having alleged that the board did those things, the plaintiff could show by evidence, if proof were necessary, that the board acted "officially" and "by proper vote of the board." It does not appear that any powers of the board were delegated to Seward. He was designated as the member to ask the prepared questions and to take the oath of the plaintiff to the answers thereto and report the same to the board for their action thereon. Had the plaintiff appeared before the full board, this must have been done by some one of the board or by a magistrate designated to administer the oath.

There is error, the judgment is set aside and the cause remanded for further proceedings according to law.

In this opinion PRENTICE, C. J., RORABACK and BEACH, Js., concurred.

WHEELER, J. I concur in the result for the reason stated in the opinion, that "upon the facts stated in the pleadings the town of Putnam is not permitted to say that because of her [plaintiff's] failure to appear before the full board they could not reduce her list."

Our power on this appeal is "to grant such relief as shall to justice and equity appertain." General Statutes, § 2357; *Ives* v. *Goshen,* 65 Conn. 456, 459, 32 Atl. 932. The allowance of the appeal under the circumstances set forth in the record would be equitable.

I concur with considerable hesitation in the view that the board of relief may adjourn to a time and place other than the meeting-place and time designated in accordance with the statute, for the purpose of examining a resident taxpayer too ill to appear before them at the designated place and time. Section 2348 provides that a resident claiming to be aggrieved by the board of assessors may appeal to the board of relief for a reduction in his tax list, but that said board "shall not reduce the list of any resident of this State who shall not offer to be sworn before them and answer all questions touching his taxable property." The purpose of the statute is that before the relief shall be granted the resident taxpayer shall appear in person before the board and under oath lay before them his case, that the board shall, as a body, have the opportunity to see and examine him, ask such questions as they may desire concerning his property and its value, and such questions as may be suggested by the applicant's statement; and shall also have an opportunity to hear, as a board, any person interested in opposition, and, as a board, consider the testimony taken, in the light of the conduct of the applicant and the other witnesses, and decide as a board upon the evidence so taken.

The opinion of the court holds that the board may designate one of its members to go to the home of the taxpayer, there administer the oath and ask the questions previously adopted by the board, take down the taxpayer's answers, and return questions and answers to the board, who may thereafter consider and act upon them. The opinion states that "it does not appear that

any of the powers of the board were delegated to Seward." If the taxpayer must be sworn before the board, and his testimony and that of the other witnesses be taken before the board, then the designation, in the present case, of one member of the board to perform these acts was a delegation of the functions vested by law in the board.

I agree with the counsel for the defendant town, that no delegation of authority upon the part of the board, of the functions vested by law in them, whether formally or informally given, can have any legal force or effect. The power committed to this board to examine the applicant and pass upon her testimony involved an exercise of judgment and discretion, and powers such as these cannot be delegated to an agent to perform in whole or in part, whether the agent be one of the members of the board or an outsider. 1 Dillon on Municipal Corporations (5th Ed.) § 244; *Attorney General v. Lowell*, 67 N. H. 198, 38 Atl. 270; *State v. Glavin*, 67 Conn. 29, 34, 34 Atl. 708.

In so far as the opinion supports a delegation of the authority of the board of relief to a single member of the board to examine a resident applicant under oath apart from the other members of the board, I think it in conflict with a settled principle of municipal law and do not concur with this holding.