JACOB R. SLOSBERG *vs.* TOWN OF NORWICH AND THE CITY OF NORWICH.

MALTBIE, C. J., HAINES, BANKS, AVERY and CORNELL, Js.

Argued June 14th—decided August 9th, 1932.

*Edwin W. Higgins* and *George H. Gilman,* for the appellant (plaintiff).

*Charles V. James,* for the appellee (defendant City of Norwich).

*Henry H. Pettis,* for the appellee (defendant Town of Norwich).

HAINES, J. The finding shows that in 1930 it was a rule of the board of assessors to assess all property at full value as required by statute. General Statutes,

§ 1143. They determined the full value of these properties to be $25,280 and $94,900 respectively and assessed them accordingly. The plaintiff appealed to the board of relief claiming that the true and just value of the properties was less than the amounts determined by the assessors. The board of relief did not change the valuations, but confirmed the assessment, and plaintiff appealed to the Superior Court. A vital question is at once presented in one of the requests for an addition to the finding, which reads: "The rule of the board of relief in fixing values on October 1, 1930, which rule was followed in the case of appellant's property, was to put all property in the list at 75% of its true value." The only member of the board of relief who was called to the witness stand, testified: ". . . as a rule the policy of the board of relief was, of course, it was supposed to be on a 75% basis of the full value . . . that was the understanding we had in the board of relief . . . that the property was put in at 75% of its full value; that is the basis it was reckoned on by the board of relief;" Q. And that was the rule that was operative? A. Yes. Q. And as you understand it, that applied to these two pieces of property, the Car Shop property and the Bridgeman property? A. Well, to all property." So far as appears, this testimony is entirely uncontradicted and undisputed. If it were not true, we would expect to find other members of the board of relief called to the stand to establish the contrary. Under the circumstances, we must add the paragraphs in question to the finding.

We have then the following situation: The assessors listed these properties at full value as required by statute, while the board of relief put them in at 75% of what it deemed to be their full value. While it was undoubtedly within the power of that board to reduce

the entire list of taxable properties to 75% of full values, it is equally clear that that action as applied to one or more taxpayers would result in inequality and discrimination. Its procedure in the present case was therefore erroneous and should not have been confirmed in this respect by the judgment of the court. On the other hand, the figures at which the board actually assessed the properties were those of full value as found by the assessors and now confirmed by the court, and they thus result in equality between the appellant and such other taxpayers as did not appeal from the action of the assessors, and the result reached by the erroneous action of the board of relief was actually correct. Upon an appeal by any person aggrieved, it is the function of the court "to grant such relief as shall to justice and equity appertain, upon such terms and in such manner and form as shall appear equitable." General Statutes, § 1200. Acting under that mandate, the trial court has found that the properties of the appellant were assessed at their full and true values as required by statute, and it is found upon sufficient evidence that this was the rule applied to all other properties by the assessors. Under these circumstances it cannot be said that the appellant is aggrieved since no unjust or illegal tax has been imposed upon him, and he has no cause for complaint. *Ives* v. *Goshen*, 65 Conn. 456, 459, 32 Atl. 932.

As the assessors arrived at a correct valuation, any errors they may have committed in the method they used in computing it are not of consequence. The failure of at least two of the assessors to view the properties of the appellant when a general revaluation of the properties in the town was made in 1928, in accordance with § 1142 of the General Statutes, if open to consideration upon this appeal, cannot invalidate a proper valuation of the properties made by them in 1930.

The trial court has found the true and actual values of the properties to be the same as those determined by the assessors, and while these findings are stated as conclusions they are obviously made, not merely as deductions from the other facts found, but upon all the evidence in the case. They are not therefore to be treated as conclusions reviewable only upon the basis of subordinate facts. These findings are not attacked and the record does not lay any basis upon which the method of the court in arriving at the values it found may be assailed.

There is no error.

In this opinion the other judges concurred.