STATE OF MAINE *vs.* OAKES THOMPSON.

Oxford.        Opinion, February 17, 1937.

*E. Walker Abbott*, County Attorney for State.
*George W. Weeks*,
*Edmund P. Mahoney*, for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

BARNES, J.   The respondent was arraigned in the Rumford Falls Municipal Court on a complaint charging him with a violation of an ordinance of the Town of Rumford, enacted to regulate the business of hawking and peddling goods, wares and merchandise. On arraignment he pleaded not guilty, waived hearing, was adjudged guilty, sentenced and took an appeal.

At the next session of the Superior Court, and by leave of court, the case was reported to this Court on an agreed statement of facts for final determination, with the stipulation that if, upon the facts set forth, an offense has been committed the case is to be remanded to the Superior Court for trial; otherwise, respondent to be discharged.

The statute authorizing the enactment of the ordinance by the respondent attacked reads as follows:

"Towns, cities, and village corporations may make by-laws or ordinances, not inconsistent with law, and enforce them by suitable penalties, for the purposes and with the limitations following: — XIV. For regulating and controlling the business of hawking and peddling of goods, wares, and merchandise at retail within their limits, for the issuing by their municipal officers of municipal licenses and the imposing of license fees therefor. This paragraph shall not apply to commercial agents or other persons selling by samples, lists, catalogues or otherwise, goods, wares or merchandise for future delivery, persons selling fish, or persons selling farm, dairy, or orchard products, of their own production, and persons selling bark, wood or forest products and persons selling newspapers or religious literature." R. S., Chap. 5, Sec. 136, as amended by Chap. 247, P. L. of 1931, and by Chap. 158, P. L. of 1935.

Under the authority of this statute the Town of Rumford set up as a municipal ordinance the following:

"1.   It shall be unlawful for any person to engage in the business of hawking and peddling goods, wares, and merchandise within the limits of the Town of Rumford excepting in the following classes: fish, farm, dairy or orchard products of their own production, bark, wood or forest products and news-

papers and religious literature, without first obtaining a license from the municipal officers of the Town of Rumford after paying of a license fee therefor in the sum of fifty dollars.

2. Any person offending against this provision shall be subject to a penalty not to exceed fifty ($50.) dollars fine and imprisonment in jail not to exceed thirty days."

The complainant charges that the respondent at said Rumford on the fifteenth day of May A. D. 1936, did then and there engage in the business of hawking and peddling goods other than such as he is by the statutes allowed to carry for sale and expose for sale without a license, without first obtaining a license, etc.

The complaint is not criticized as being invalid in form or substance; the sole defense being that the ordinance is invalid for uncertainty in that the duration of the license is not expressed.

In reason, it can not be held that a license to carry on a trade may be of indefinite duration, to run for a day, a month or for the lifetime of the applicant, at the whim of the municipal officers.

Text writers agree upon the principle:

"Where by the charter of a city, the power to license a particular occupation within its limits is given to the common council, such power involves the necessity of determining with reasonable certainty both the extent and duration of the license and the sum to be paid therefor;" Dillon's Mun. Corporations (4th ed.) Vol. 1, Sec. 357.

So far as we find decisions upon the point they are unanimous that an ordinance imposing a license fee, to be valid and operative, must state the time of the duration and validity of the license to be issued. *Bills* v. *Goshen*, 117 Ind., 221, 20 N. E., 115; *State* v. *Glavin*, 67 Conn., 29, 34 A., 708; *Darling* v. *St. Paul*, 19 Minn., 389; *Roche* v. *Jones*, 87 Va., 484, 12 S. E., 965; *State* v. *Ashbrook*, 154 Mo., 375, 55 S. W., 627.

We find no violation of a valid ordinance of the Town of Rumford to have been committed, and hence, in accordance with a stipulation of the report the case is remanded for the entry of

*Judgment for respondent.*
*So ordered.*