THE STATE *vs.* GEORGE A. RICHARDS.

Second Judicial District, Norwich, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A city ordinance, in its first section, required landowners to make necessary repairs upon sidewalks in front of their respective properties whenever ordered to do so by the common council; and provided that neglect or refusal to comply with such order for thirty days after notice thereof, should constitute a misdemeanor punishable by a fine of not less than $20 nor more than $50. The second section declared that the landowner's neglect or refusal to comply with the order "after such notice for a period of thirty days as prescribed in § 1" should constitute a second misdemeanor punishable by a like fine, and that each succeeding neglect or refusal of thirty days should be similarly punished. *Held* :—

1. That under § 1 of the ordinance no misdemeanor would be committed if the repairs, begun within the prescribed thirty days and carried on in good faith, were not finished until after the lapse of that period.

2. But that § 2, which exacted the completion of the repairs, regardless of their nature or extent, within the same thirty days, under penalty of a criminal prosecution, was unreasonable and therefore void.

The order in question directed the defendant to put his sidewalk "in good and sufficient repair, free from defects, and safe and convenient for travel." *Held* that these directions were vague and uncertain, and did not comply with the charter, which required "the manner" or mode in which the repairs were to be made to be specified.

The order limited no time within which the repairs were to be made. *Held* that the ordinance under which the order was passed supplied the time for the commencement of the repairs, and that the defendant could not complain that no time was set for their completion.

Argued May 28th—decided July 23d, 1901.

INFORMATION for the violation of a city ordinance, brought to the Criminal Court of Common Pleas in New London County and tried to the jury before *Noyes, J.;* verdict and judgment of guilty, and appeal by the defendant for alleged errors in the charge of the court. *Error and cause remanded.*

The charter of New London (Special Acts of 1893, pp. 683, 685, 692, 693) empowers the court of common council to make (§ 13) " ordinances and orders " for the purpose of " the keeping of the . . . sidewalks . . . in good repair;" and also (§ 25) from time to time " to designate and fix the width, course, height, and level of all sidewalks . . . in and upon the highways . . . in said city; and, from time to time, to order the owner or owners of lands and buildings fronting such sidewalks, at their own expense, to level, raise, curb, and form, and, when necessary, to repair such sidewalks in front of their respective properties, according to the width, course, height, and level designated as aforesaid." In § 26 it is provided that " said court of common council may limit such time and extend the time so limited as it shall deem reasonable, for leveling, raising, curbing, or forming, and for flagging or paving such sidewalks, or for repairing the same." In § 27 it is provided that if any owners of lands " shall neglect to level, raise, curb, form, flag, pave, or repair any sidewalk in front of their respective properties, . . . in such manner and within such time as said court of common council under the foregoing provisions shall direct and limit, said court of common council may direct the street commissioner of said city or appoint and employ some other proper person to raise, curb, level, form, flag, pave or repair such sidewalks;" the expense thus occasioned to be recoverable from the owners, and chargeable as a lien on their respective lands. The violation of any lawful city ordinance which prescribed a penalty for its violation was made a misdemeanor. In 1899 (Special Laws of 1899, p. 371) the court of common council was empowered to prescribe penalties.for neglect or refusal to comply with its orders and ordinances made in pursuance of the charter, relative to the repair of sidewalks.

A city ordinance provided as follows : " Section 1. It shall be the duty of owners of lands abutting public highways to level, raise, curb, pave and form, and when necessary to repair sidewalks in front of their respective properties whenever ordered so to do in compliance with the charter of the

city.   And every owner of lands abutting a public highway who shall neglect or refuse to level, raise, curb, pave and form or repair such sidewalks, in compliance with such order, for thirty days after having been so duly ordered and notified, shall be guilty of a misdemeanor and shall, upon conviction therefor, pay a fine to the treasury of the city of New London of not less than twenty nor more than fifty dollars.   Sec. 2.  The neglect or refusal of such owner of lands to comply with such order after such notice for a period of thirty days as prescribed in section 1, shall constitute a second misdemeanor and upon conviction thereof such person shall pay a fine in addition to that prescribed in section 1, to the treasury of said city of New London, of not less than twenty nor more than fifty dollars ; and for each succeeding neglect or refusal for each successive period of thirty days thereafter such owner shall be guilty of a misdemeanor and pay to the treasury of said city a fine of not less than twenty nor more than fifty dollars."

The following order was passed by the court of common council on July 18th, 1900 : " That the following named persons, Patrick H. Neilan, Mary Neilan . . . George A. Richards, . . . being owners of land abutting on Bank Street, in this city, do not keep the sidewalks adjoining their said premises in good and sufficient repair, and the same are not free from defects, and are unsafe and inconvenient for travel.   The above named . Patrick H. Neilan, Mary Neilan . . . George A. Richards . . . are hereby ordered to put the sidewalks adjoining their said premises in good and sufficient repair, free from defects and safe and convenient for travel."

. The other material facts are sufficiently stated in the opinion.

*Abel P. Tanner*, for the appellant (defendant).

*Hadlai A. Hull*, Prosecuting Attorney, for the appellee (the State).

BALDWIN, J.   To make an order of the court of common

council of New London, for the repair of a sidewalk by the owner of the abutting lands, sufficient to support a criminal prosecution against him for neglecting to obey it, it is necessary that a time should be limited, by reference to which the neglect might be ascertained. The words "may limit," in § 26 of the charter, are equivalent to "shall limit." *State* v. *Neuner*, 49 Conn. 232, 233. Such a time need not be expressed in the order, however, if it had been previously prescribed by appropriate action of the court of common council.

The ordinance upon which the present prosecution is immediately based, in § 1 imposes a penalty of $20 for a neglect or refusal to repair, in compliance with such an order, for thirty days after due notice of it; and in § 2 a like penalty for a neglect or refusal "to comply with such order after such notice for a period of thirty days as prescribed in section 1 " (this being declared to constitute " a second misdemeanor "), and also "for each succeeding neglect or refusal for each successive period of thirty days thereafter."

Under the terms of § 1, construed according to the strict rule applicable to penal statutes and ordinances, no misdemeanor would be committed if the repairs were begun within the thirty days prescribed, and carried on in good faith, although not completed until that period had elapsed. But it seems impossible to give § 2 any other meaning than that, unless they be completed within the same thirty days, the owner would become guilty of a second misdemeanor. This lays down an iron-bound rule for every case, whatever may be the nature or extent of the repairs ordered. It would be competent for the court of common council to require work to be begun in thirty days. To exact its completion within that time, under all circumstances, without exception, under penalty of a criminal prosecution, is unreasonable; and § 2 is therefore void. The invalidity of the provision as to the "second misdemeanor " destroys the foundation for any succeeding one. It leaves, however, § 1 in full force. The constitution of the first misdemeanor may well stand by itself, and is unaffected by the failure of the later ones.

The order was therefore not insufficient for want of a limita-

tion of time.  Construed with reference to the ordinance, those to whom it was addressed were directed to commence the repairs within thirty days from the service of notice upon them; and it is not for them to complain that no time was set for the completion of the work.

But on another ground the order was insufficient to support the prosecution.  The abutters were ordered to put the sidewalks " in good and sufficient repair, free from defects, and safe and convenient for travel."  They were entitled to more certain directions as to the " manner " in which the repairs were to be made.  It was not enough to describe these by the results to be accomplished by their completion.  Either some particular mode of effecting them should have been prescribed, or some proper person designated to whom the owners might go for instruction or approval.  The Criminal Court of Common Pleas, therefore, erred in instructing the jury that the order was passed in compliance with the charter.  *State v. Clarke*, 69 Conn. 371.

The invalidity of the order renders it unnecessary to consider the claim of the defendant, that it is contrary to the provisions both of the constitution of Connecticut and of that of the United States to require owners of lands abutting on a street to repair sidewalks which have been once properly constructed.

There is error, and the cause is remanded to the Criminal Court of Common Pleas, with directions to dismiss the information.

In this opinion the other judges concurred.