SAM RUBIN *vs.* GOLDIE LIPSON.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

General Statutes, § 5556, stating the jurisdiction of the Court of Common Pleas over certain civil actions depending upon the matter in demand or amount of relief prayed for, contains a proviso that actions which are within the territorial jurisdiction of the District Court of Waterbury "may be brought to that court or to the Court of Common Pleas for Litchfield County." *Held* that in this statute the use of the word "may" instead of "shall" appears to have been deliberate and intentional, that it was to be read in connection with another statute of long standing (§ 5563) which gave to Courts of Common Pleas and their predecessors (the County Courts) jurisdiction over purely personal actions against defendants residing within their territorial limits, and hence that the Court of Common Pleas for New Haven County had jurisdiction of a negligence action brought by a resident of the borough of Naugatuck against a resident of the city of New Haven.

Under our present statutes, all of our county and district courts, act-

ing within their respective statutory limitations, have, so far as concerns personal actions not affecting land, exclusive jurisdiction when both the plaintiff and the defendant reside within their territorial jurisdictions, and concurrent jurisdiction when either the plaintiff or the defendant resides therein, except that the Court of Common Pleas for Litchfield County is also given concurrent jurisdiction of all such actions in which either or both parties reside in the district of Waterbury.

Argued. April 13th—decided June 1st, 1921.

ACTION by a resident of Naugatuck to recover damages for injuries to his automobile, alleged to have been caused by the negligence of the defendant in the city of New Haven where the defendant resided, brought to the Court of Common Pleas in New Haven County (*Booth, J.*) which dismissed and erased the cause from the docket for want of jurisdiction, and from this judgment the plaintiff appealed. *Error; cause to be reinstated upon the docket.*

*William B. Gumbart,* for the appellant (plaintiff).

*Claude B. Maxfield,* for the appellee (defendant).

BEACH, J. The plaintiff, a resident of the borough of Naugatuck, brought this action against the defendant, a resident of the city of New Haven, to recover for injuries to his automobile received in a collision on the streets of New Haven, alleged to have been occasioned by the defendant's negligence. The defendant answered denying the allegations of the complaint and, by way of counterclaim, demanded damages for injuries to her automobile, alleging that the collision was solely due to the negligence of the plaintiff. On the defendant's motion the court erased the cause from the docket for want of jurisdiction.

The ruling of the trial court was based on § 5556 concerning the venue of civil actions for equitable relief

wherein the matter in demand does not exceed $500, and for legal relief wherein the matter in demand exceeds $100 but does not exceed $500. Such actions, the statute says, "shall be brought to the Court of Common Pleas, except in counties where there is no such court, and in such counties shall be brought to the Superior Court; *provided*, said actions which are within the territorial jurisdiction of the District Court of Waterbury may be brought to that court or to the Court of Common Pleas for Litchfield County." This action, claiming $500, is within the territorial jurisdiction of the District Court of Waterbury, by reason of the plaintiff's residence in Naugatuck, and the trial court held that the Court of Common Pleas for New Haven County was without jurisdiction, though the defendant is a resident of New Haven and the cause of action arose in New Haven.

In effect the trial court construed the word "may" in the proviso of § 5556, as if it were "shall." This may be done when it is necessary to give effect to an Act, and the context permits. *State* v. *Richards,* 74 Conn. 57, 60, 49 Atl. 858; *State* v. *Conlon,* 65 Conn. 478, 487, 33 Atl. 519. But in this case it is not necessary, and the context does not permit it, for it must be supposed that the use of the word "shall" in the body of the section, and of the word "may" in the proviso, was deliberate and intentional. Moreover, § 5556 must be read in connection with § 5563, which provides that all civil actions, except those wherein the title of land is to be tried, and for trespass to land, "if brought . . . to the Court of Common Pleas, shall be brought in the county . . . where the plaintiff or defendant dwells." This section embodies a very old rule of the venue of personal actions in our Superior and County courts, which goes back at least as far as the Compilation of 1784. Since then Courts of Common Pleas and their pred-

ecessors, the County Courts, have had express statutory jurisdiction over personal actions against defendants residing within their territorial jurisdiction.

When the judicial district of Waterbury was carved out of portions of New Haven and Litchfield counties, and the District Court of Waterbury was created and given territorial jurisdiction over it, that court also was given, by an amendment to § 5563, jurisdiction over actions wherein the plaintiff or defendant resides in the district. The present effect of that section is that all of our county and district courts, acting within their respective statutory limitations, have exclusive jurisdiction when both plaintiff and defendant reside within their territorial jurisdictions, and concurrent jurisdiction when either the plaintiff or the defendant resides therein. The proviso of § 5556 changes this general scheme of jurisdiction so far as the District Court of Waterbury and the Court of Common Pleas for Litchfield County are concerned, by giving to the latter court concurrent jurisdiction of all cases in which either or both parties reside in the district of Waterbury. But as it now reads it goes no further. At one time the proviso of § 5556 did say that all actions within the territorial jurisdiction of the District Court at Waterbury "shall" be brought to that court; but in 1903 the General Assembly substituted the present phrase "may be brought to that court or to the Court of Common Pleas for Litchfield County." And these words, being consistent, except in the particular noted, with the general scheme of jurisdiction of county and district courts established by § 5563, ought to be so read. Otherwise, residents of the district of Waterbury would be deprived of the right, possessed by all other plaintiffs in the State, to bring suits in the Courts of Common Pleas (except in Litchfield County) in the county where the defendant dwells.

In *Hazzard* v. *Gallucci*, 89 Conn. 196, 93 Atl. 230, both plaintiff and defendant dwelt in the district of Waterbury, and our decision, holding that the Court of Common Pleas for New Haven County had no jurisdiction in that case, is entirely in harmony with our ancient rule of the venue of personal actions and with the general scheme of jurisdiction of county and district courts established by § 5563.

There is error and the cause is remanded to the Court of Common Pleas for New Haven County with direction to reinstate it upon the docket.

In this opinion the other judges concurred.