THE STATE OF CONNECTICUT EX REL. WILLIAM R. FOOTE *vs.* CLIFFORD G. BARTHOLOMEW ET ALS.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

A motion to quash an alternative writ of mandamus, being equivalent to a demurrer, should not set forth facts not already alleged in the earlier pleadings.

The rule of statutory construction that the word "may" will be read as "shall" or "must," to accord with the legislative intent, is especially applicable to a statute conferring upon a public officer a power to be exercised by him for the public interest or for the benefit of third persons.

The provisions of Chapter 207 of the Public Acts of 1923, to the effect that boards of relief may, within three months from the date of completion of their duties, make a supplemental list of any taxable property that shall have been omitted from the records, confer upon such bodies not only a new and distinct power, independent of all prior tax legislation, but also a positive duty to be exercised for the benefit of the taxpaying public, each member of which has a legal interest in its performance.

A ministerial act is one which a person performs in a given state of facts in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done.

The State *ex rel.* Foote *v.* Bartholomew.

A writ of mandamus may issue when the duty which the court is asked to enforce is the performance of some precise, definite act in relation to which the respondent has no discretion, and when the right of the party applying is clear and he is without other adequate and specific remedy.

In making a supplemental list of omitted taxable property and in placing a valuation upon it under Chapter 207 of the Public Acts of 1923, a board of relief acts without discretion as an administrative body in the performance of a ministerial· duty which may be enforced by mandamus; it is only the duty of determining the amount of the valuation which is discretionary and *quasi*-judicial in its nature and which, therefore, may not be controlled by the same remedy.

In the present case, the respondent members of the board of relief of the town of Branford filed a motion to quash an alternative writ of mandamus in which it was alleged that certain land owned by the First Ecclesiastical Society and leased for profit, had not for many years been assessed for taxation although it was not within any of the statutory exemptions. *Held* that these allegations of fact as to the taxability of the land ʾin question being admitted as true by the motion to quash, the respondents were in no position, at this stage of the proceedings, to raise any questions concerning the propriety of their conduct in failing to include it in a supplemental list; and that, in view of these admissions, the motion to quash should be denied since, upon the pleadings, it was the clear, mandatory duty of the respondents to list the property for taxation.

A States Attorney may always compel the performance of a public duty by writ of mandamus, prosecuted in his own name, although it is the frequent practice for him to do so at the relation of a private individual where there is a private right to have the duty performed.

Neither a verification nor a bond for prosecution is necessary in an application by a public officer for a writ of mandamus.

A remedy is not adequate and specific, in the sense that it will preclude a resort to mandamus, unless it is adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject-matter involved.

In mandamus proceedings, at the relation of a private individual, to compel the members of a board of relief to make a supplemental list of omitted taxable property, the claim that the relator has other adequate and specific relief in the form of an appeal from the board of assessors to the board of relief and thence to the Superior Court, is not well taken, since the public interest involved in securing the taxation of all ratable property cannot be jeopardized by the possibility that such an appeal might never be instituted or prosecuted to completion or that

The State *ex rel.* Foote *v.* Bartholomew.

the issues relating to the omitted property might not be properly raised or determined therein.

If such proceedings are brought within the period of three months, within which the board of relief is required to make its supplemental lists of omitted property, it is no objection to the granting of relief that the time required for the conduct of the litigation extends beyond the statutory period, since, as a general rule, an action stands or falls by the facts and law existing at the time of bringing suit.

Where a public officer is charged in law with a public duty, no demand upon him for its performance is necessary as a prerequisite to mandamus proceedings.

In mandamus proceedings to compel the listing of omitted, taxable property, the owner is not a necessary party.

Argued October 27th—decided December 23d, 1925.

APPLICATION for a writ of mandamus to compel the board of relief of the town of Branford to add certain real estate to the assessment list of said town, brought to the Superior Court in New Haven County where a motion to quash the alternative writ was granted (*Simpson,* J.) and judgment rendered for the respondents, from which the petitioner appealed. *Error and cause remanded.*

*George E. Beers* and *Albert M. Herrmann,* for the appellant (petitioner).

*Ernest L. Averill* and *Earle A. Barker,* for the appellees (respondents).

KEELER, J.   This proceeding is brought to compel the board of relief of the town of Branford to include in the assessment list of the town certain real property owned by the First Ecclesiastical Society of Branford. The application, verified by the relator Foote, alleges this ownership; that the society has been leasing this land for long terms to lessees in leases containing a provision that the lessees shall reimburse the society for all sums which it may be, compelled to pay in the

way of taxes; that the land has not been assessed for taxation for many years, and has been improved by the erection of numerous buildings upon parts thereof; that it is not within any of the exemptions from taxation provided by statute; that about four acres of this land lies adjacent to the land of Foote, which latter land he owned on October 1st, 1924, and listed for taxation according to law; and that the land of the society was not assessed in the list of that year. The application further alleges that on February 16th, 1925, Foote appealed to the board of relief from the doings of the assessors in the premises, and requested it to make a proper list of the property of the society omitted by the assessors; that his request was refused and no further action taken by the board in the premises; that power to make the list asked for is conferred upon the board by law, and particularly by Chapter 207 of the Public Acts of 1923; that the failure to assess the property places a disproportionate and unfair burden upon other taxpayers of the town, including Foote; and that the respondents are the members of the board of relief of the town.

Counting upon this application, the Superior Court issued its alternative writ of mandamus requiring the respondents to make a supplemental list of the omitted taxable property of the society and a valuation thereof for taxation, or to show cause to the contrary on the first Tuesday of May, 1925. Upon the return of the proceeding to court, respondents moved to quash the alternative writ, because (1) respondents were under no ministerial duty imposed by law, and had discretion in the premises; (2) the relator had no clear legal right to have a duty performed; (3) the relator had other sufficient remedy; (4) the respondents had performed their ministerial duty in passing upon relator's appeal from the assessors; (5) the court had no jurisdiction to

review by mandamus, the action of the board of relief
in determining this appeal; (6) the relator had ap-
pealed to the board, therefore the provisions of the Act
of 1923 had no application; (7) it did not appear in
the application that the relator had requested the re-
spondents to take action under the provisions of the
last named Act; (8) there is now pending in the
Superior Court an appeal by the relator from the do-
ings of the board of relief. The court granted the mo-
tion to quash upon the fourth and fifth grounds above
set forth, as indicated in the memorandum of decision,
and rendered judgment for the respondents. From this
judgment the petitioner appeals, setting forth the
claimed errors of the court in ten reasons of appeal,
which are somewhat consolidated in brief and argu-
ment, and which we will consider as there developed.

We may observe at the outset that a motion to quash
is equivalent to a demurrer. *Brainard* v. *Staub,* 61
Conn. 570, 575, 24 Atl. 1040; *State* v. *New York, N. H.
& H. R. Co.,* 71 Conn. 43, 47, 40 Atl. 925; *State ex rel.
Eliott* v. *Lake Torpedo Boat Co.,* 90 Conn. 638, 645, 98
Atl. 580. As it does not appear in the application or
the alternative writ that Foote took any appeal to the
Superior Court from the action of the board of relief,
when he appealed to it from the doings of the assessors,
this ground of objection to the alternative writ can-
not be considered, since it is open to objection on the
same ground as a speaking demurrer.

The appellant contends that the duty of a board of
relief under the Act of 1923, in placing property
omitted in the yearly tax list for assessment made by
the assessors and putting a valuation thereon, is
separate and distinct from its duty as an appellate
body passing upon the work of the assessors, safe-
guarded as is their ordinary revisory action by the pro-
vision of an appeal to the Superior Court, and that

when an occasion arises to make a supplemental list and valuation, the board proceeds as an independent and distinct administrative unit, to the end that taxation may be equal and equitably distributed among individuals, and no taxpayer may be injured by an excessive tax upon his own property, or by the escape of other taxpayers from just taxation. So the appellant contended it is the duty of the board to make such a supplemental list, which is mandatory and not discretionary.

The trial court held that it was the duty of the board of relief to act upon a state of facts existing such as is contemplated by the Act of 1923, and to list and value property omitted by the assessors, and that the Act was mandatory and not permissive, although in describing the action to be taken the word "may" is used and not "shall." We think the court held correctly. The accepted rule in such cases is that if, in a statute conferring power and authority for the benefit of the public, or of a third person, or of individuals generally, the word "may" is used, it shall be construed as equivalent to "shall," and that the statute is mandatory and not permissive or discretionary. *Lyon* v. *Rice,* 41 Conn. 245, 248; *State* v. *Neuner,* 49 Conn. 232, 233; *State* v. *Richards,* 74 Conn. 57, 60, 49 Atl. 858; *Capobinco* v. *Samorak,* 102 Conn. 310, 128 Atl. 648. The case last cited discusses the question at length and considers the authorities. The power given the board of relief by the Act of 1923 is clearly for the benefit of the public, that is, of the persons owning property within the taxing jurisdiction. The power given is of like nature with that exercised by the assessors, but it is to be noted that the board, under the Act, is not exercising appellate power or jurisdiction over any act of the assessors. It exercises a new and distinct power and jurisdiction, acting in making the tax list both to place

property omitted in the assessment, and to make a valuation thereof for taxation. Its action may be reviewed on appeal to the Superior Court. Considering the haste necessarily involved in the work of the board while performing its statutory duties in reviewing the assessment made by the assessors, within the time fixed by law, the Act of 1923 is decidedly expedient and remedial and of a supplemental character. It stands by itself, not depending in any way upon prior tax legislation. The relator and any other taxpayers had a legal right, as part of the general public, to have the board perform its statutory duty. The trial court so held, and correctly. And the relator had the right to invoke and set in motion all proper legal procedure to that end.

So far the views expressed were held by the trial court and set forth in its memorandum. But the court proceeds to hold that since the board of relief exercised *quasi*-judicial and dicretionary powers, and it can be compelled by mandamus to act, "to perform its duties, that is, to proceed to determine whether or not the property should be placed in the taxable list, it cannot be compelled to decide that question in any particular manner." Now in the instant case the board of relief, acting under the Act of 1923, was simply a board of assessors, and a board of assessors is an administrative body, as is conceded in respondents' brief. So also is a board of relief. When acting as a board of review of doings of assessors it is still such a body. In *Bugbee* v. *Putnam,* 90 Conn. 154, 158, 96 Atl. 955, we said: "The assessment of property for taxation is an administrative proceeding. *Ives* v. *Goshen,* 65 Conn. 456, 459, 32 Atl. 932. The board of relief is an administrative board, not a judicial tribunal. In performing its duties in valuing property and in correcting and equalizing assessments, it acts largely upon the knowledge

of its members as to valuations and as to the taxable property of the taxpayers." The acts of assessors, and also of boards of relief when acting under the general law or under the Act of 1923, are ministerial. This court, in *American Casualty Ins. & Sec. Co.* v. *Fyler,* 60 Conn. 448, 460, 22 Atl. 494, approves the following definition of a ministerial act, quoting from *Flournoy* v. *City of Jeffersonville,* 17 Ind. 169: "A ministerial act is one which a person performs in a given state of facts, . . . in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done."

It is quite evident that the counsel for respondents, and the court in supporting their contentions, do not give proper attention to the distinction between determining facts and applying the law to established facts.

In proceeding to exercise the powers conferred on it by the Act of 1923, the board deals with two main considerations: first, is a given property (omitted in the general assessment) taxable, and if so, what is its value. Speaking generally, the power of an assessing body may be thus described: "If assessors omit from the roll property which is taxable, they may be compelled to insert it on the roll on the application of the proper law officer of the State, but where discretion is involved the writ will not issue." 4 Cooley on Taxation (4th Ed.) § 1601, p. 3187. The case of *People ex rel. Jones* v. *Webb,* 256 Ill. 364, 100 N. E. 224, is very much in point. The petition to the court for a writ of mandamus alleged that certain taxable property had been omitted for several years from the assessment list and that the board of review had failed to list the property for taxation, and had refused to so list it when requested by an application so to do. A demurrer to the application for the writ of mandamus was sus-

tained in the lower court, but the Supreme Court, on appeal, reversed the judgment, and held that under the facts admitted by the demurrer the appellant was entitled to the writ. Referring to the distinction between discretionary duties and those administrative and ministerial, the court, in its opinion, says (p. 373): "It is sometimes said that the writ will not issue to compel the performance of a judicial duty. This statement is not quite accurate. A judicial duty may be enforced where the right is clear and the judicial officer, if he obey the law, has no discretion but must do a particular thing which the law requires of him. A better statement of the law seems to be, that while a judicial officer, or one exercising discretion, or authority, may be compelled to act and to proceed to the performance of his duty, he cannot be controlled in his judgment or compelled to exercise his discretion in a particular manner by means of this writ. . . . Applying these general principles, the law is well settled that where assessing officers fail and neglect in the performance of their duty they may be compelled to act, but where it is necessary to exercise judgment and discretion as to valuations and the like, the court will not decide such questions for the officers and direct by mandamus what the judgment is or should be. In other words, officers whose duty it is to value and assess property may be compelled by mandamus to proceed in the discharge of their duties and make an assessment, but the court would not undertake to give directions as to the valuation that ought to be placed upon the property to be assessed." See also *State ex rel. Taggart* v. *Holcomb,* 81 Kan. 879, 106 Pac. 1030.

We think that the last quotation brings out distinctly the proper distinction between what is mandatory and what is discretionary, and of a *quasi*-judicial nature in the duties of a body of assessors or of a body,

however designated, which performs similar duties. If taxable property omitted in the regular assessment exists, it is the clear duty of the board to list it, and the right to have it listed is a clear right of the other taxpayers of the municipality wherein the property is situate. The mandate of the alternative writ enjoins, in the first place, that a supplemental list including the property of the ecclesiastical society be made; in the second place, that a valuation be made of it and proper steps be taken to forward the collection of a legal tax thereon. The first duty is not discretionary or *quasi-*judicial; the ensuing duty is discretionary as to the amount to be assessed, and the alternative writ does not in any way attempt to control the board's discretion.

In the application for the alternative writ and in the recitals of the writ itself, it is alleged that the land in question is not and has not for many years been assessed for taxation, nor any taxes paid thereon, and that the same is not within any of the statutory exemptions. These facts are admitted to be true by the motion to quash. So considered, in connection with the other allegations, the duty of the respondents is clear, as is also the right of the relator and those in like situation with him to enforce action by the board of relief. In case it had been desired to make the claim that the board was acting judicially in determining the application of the statutes regarding taxability of property of the ecclesiastical society, a motion in the nature of a demurrer should not have been filed, and thereby the nonexemption of the property admitted. By their own act the respondents have removed the questions of taxability and exemption from consideration, have excluded all right to claim discretionary or judicial action in construction of statutes, and stand in the position of refusing to perform a clear legal duty.

The writ of mandamus issues when the duty of which enforcement is sought is the performance of a precise definite act in relation to which the respondent has no discretion, when the right of the person applying for it is clear and he is without other adequate remedy. *American Casualty Ins. & Sec. Co.* v. *Fyler,* 60 Conn. 448, 459, 22 Atl. 494; *Bassett* v. *Atwater,* 65 Conn. 355, 360, 32 Atl. 937; *State* v. *Staub,* 61 Conn. 553, 568, 569, 23 Atl. 924.

We have seen that the duty resting upon the board of relief is to do the precise and definite act of listing nonexempt property, that the right of the relator and of taxpayers similarly situated is clear; and it remains to consider whether there exists any other remedy. The respondents insist that such a remedy exists in the right of appeal from the assessors to the board of relief and thence to the Superior Court. In the instant case the relator did appeal to the board of relief. As we have said, it does not appear that he pursued his right of appeal to the Superior Court, although it is stated in the brief of respondents that he did so act. This, however, is not material in the present discussion, since, if he had the right of appeal, which is certainly the case, and did not use it, and that right furnished adequate relief, he would be equally barred whether he actually appealed or not. At this point it is proper to consider the form of the proceeding in the present case. The action is entitled of record as State, etc., *ex rel.* Foote v. Bartholomew. In fact the application for the writ is in the name of the State's Attorney for New Haven County, without mention of any other person as relator. As Foote has been named as the relator in various parts of the record, and referred to as such in briefs and argument, we have heretofore in this opinion, for convenience, referred to him as such. Recitals as to the interest of Foote as contained in the

complaint are proper to show that the board of relief had knowledge of the demand of at least one taxpayer that the property of the ecclesiastical society be listed for assessment, yet it could have been brought without reference to the prior experience of Foote with the assessors and board of relief; and with allegations upon this topic omitted, it still contains allegations adequate to bring the matters in issue before the court. The verification is by Foote. This is of no importance, since it is at most superfluous and surplusage. The giving of a bond for prosecution, also noted in the alternative writ, is also superfluous. No application by a public officer for a writ of mandamus requires verification. *State ex rel. Eliott* v. *Lake Torpedo Boat Co.,* 90 Conn. 638, 645, 98 Atl. 580. The unnecessary parts of the application, also the verification (all surplusage), the counsel for petitioner state in their brief, were inserted to avoid unnecessary controversy and out of abundant caution. A perusal of the briefs of the parties and attention to the arguments in the case, shows that this procedure has tended to produce rather than avoid unnecessary controversy. There is no doubt but that the State's Attorney has authority to prosecute by mandamus and in his own name to compel the performance of a public duty, although the practice in earlier cases has not been uniform; *Doolittle, State's Attorney,* v. *Selectmen of Branford,* 59 Conn. 402, 22 Atl. 336; and it is also true that matters relating to performance of public duty, have been brought by the State's Attorney at the relation of a private individual where there is a private right to have a public duty performed. The proper practice and the distinctions on which it is founded are outlined in *State* v. *Towers,* 71 Conn. 657, 663, 42 Atl. 1083. Any other relief, the existence of which will preclude the resort to the remedy by mandamus, must not only be adequate, but

it must be specific, that is, it must be adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject-matter involved. *Fremont* v. *Crippen,* 10 Cal. 211; *S. C.,* 70 Amer. Dec. 711, and notes; note, *Dane* v. *Derby,* 89 Amer. Dec. 730, 731 (54 Me. 95); *American Railway-Frog Co.* v. *Haven,* 101 Mass. 398, 403; *Ray* v. *Wilson,* 29 Fla. 342, 10 So. 613; *S. C.,* 14 L. R. A. 773, 774 (note); High on Extraordinary Legal Remedies (3d Ed.) § 17; 2 Spelling on Extraordinary Remedies (2d Ed.) § 1375; 18 R. C. L., p. 132, § 45, p. 289, § 217.

*State* v. *New York, N. H. & H. R. Co.,* 71 Conn. 43, 40 Atl. 925, involved the question of the right to proceed by way of mandamus, under the following state of facts: The charter of the city of New Haven gave its common council supervision of bridges crossing railroads in the city, with full authority over building and repairs, and provided that if any railroad company neglected to obey, the city might do the required work and recover its expense from the company. The defendant company refused to carry out a legal order of the city, and mandamus proceedings were instituted in the name of the State to compel obedience to the order. The respondent moved to quash the alternative writ, on the ground, among others, that an ample and adequate remedy existed in the premises by a suit by the city against the railroad. This court held that the remedy provided the city, by action against the railroad, was not the only remedy, but that the Superior Court might, in the name of the State, compel obedience to its order by mandamus. And this court further held that the remedies open to the city were not involved in the case, that the city was not a party to the mandamus proceeding, which was brought by the State to enforce its own right, a public right. We regard this case as controlling in the in-

stant case. The Act of 1923 stands by itself, it is in no way organically connected with the general tax law as an additional means of appeal or review. Therefore its provisions can be directly and independently invoked, to the end that all taxable property shall be listed for taxation. No moving party in the person of an applicant or informant is necessary to put the statute in action. The board can act of its own motion, and in most cases doubtless does so act. At any rate, whenever and however it learns of taxable property omitted from the list, it becomes its duty to list it. In the present case, upon the record, the board of relief is treating as nontaxable, property admittedly not legally exempt from taxation, in direct opposition to a proper method of securing just taxation embodied in legislative action. Public officers, holding office to effectuate the legislative command, are refusing to do their duty. Clearly the situation is one where the prerogative of the State can exert itself by a method dealing directly with the situation, without regard to other remedies existing in individuals, which might or might not eventually result in a judicial enforcement of the law. It happens in the present case, that Foote had appealed from the assessment made by the assessors to the board of relief, and might have appealed from the decision of the board to the Superior Court whether in fact he did so or not; and apparently Foote promoted the action taken by the State's Attorney, but this is only an accident of the particular situation. The construction of the Act of 1923 and its operative effect cannot depend upon such an accident. Legally the matter stands in the same way as if some other taxpayer had prosecuted an appeal from the assessment, and the State's Attorney had gotten his information from Foote or any other person, or had learned of the fact

as a matter of common notoriety. In passing upon such an appeal as it appears that Foote took to the board of relief, and which might have been further pursued in the Superior Court, relief by way of reduction of his assessment might have been made, and the property of the society not placed in the assessment list at all nor the point at issue determined. Again, such an appeal might be withdrawn at any time by the aggrieved taxpayer, and just as the State's Attorney was getting ready to proceed by way of mandamus, and then that official would find his hands tied, if the contention of the respondents is held correct. So we see that the remedy by appeal is neither adequate nor specific; that it is inconvenient and incomplete. The State in enforcing its law in a clear case against recalcitrant public officials is not at the mercy and hazard of the acts of private individuals who may be supposed to have the same general design. The action of mandamus is in the present case the only proceeding adequate, sufficient and complete to effect the result sought.

Among minor objections to the issuance of the writ is the claim that the time has expired within which the board can supplement the list in the manner prescribed in the Act of 1923, which provides that it may be done "within three months from the date prescribed by the General Statutes for the completion of its duties." That date is by statute the last business day in February. The three months would ordinarily expire on the last day of May. The present proceeding was begun April 16th, 1925, when process issued, and was returnable to the first Tuesday of May. There was an appearance in the action, a motion to quash filed May 12th and decided May 19th. There seems to have been abundant time for the board to make up its mind not to act as the alternative writ

directed, but rather to oppose its mandate by adopting the alternative of showing cause. When relief is sought relative to the doing of any act, the action stands or falls by the facts and governing law existing at the time of bringing suit. *State ex rel. Huntington* v. *Huntington School Committee,* 82 Conn. 563, 565, 74 Atl. 882. If at the time of bringing action, the board had had time to pass upon the question with which that action was concerned, the passing of subsequent time necessary to conduct the litigation thereby initiated, beyond the statutory period during which they might act, does not prevent the granting of legal relief. "An officer is not justified in setting up the excuse in a mandamus proceeding that the time fixed by statute to do the act has passed, when it was his own failure to perform the duty within the statutory time which made it necessary to bring the mandamus proceeding." *State ex rel. Taggart* v. *Holcomb,* 81 Kan. 879, 882, 106 Pac. 1030; *Lewis* v. *Commissioners of Marshall County,* 16 Kan. 102. Where a law gave supervisors power to correct assessment rolls for a certain time after the same had passed out of their hands, mandamus lay within the time limited. *Adriance* v. *New York County,* 12 How. Pr. (N. Y.) 224.

The seventh ground in respondents' motion is that it does not appear in the application that Foote made any request to the board to act under the provisions of the Act of 1923. No such request was necessary. Where an officer or officers are charged with a duty owing to the public generally, no demand for performance is a necessary prerequisite to a mandamus proceeding. In such case the law stands as a continued demand. 18 R. C. L. p. 123, § 37, pp. 290, 291, § 220; 2 Spelling on Extraordinary Remedies (2d Ed.) § 1447; High on Extraordinary Legal Remedies (3d

Ed.) § 41.  Looking for the moment at the merits of such a claim, we find that the board of relief had considered Foote's claim on his appeal, where the precise claim for listing this property had been made. Also, the alternative writ, served in a timely way, gave the board abundant notice and information as to the existence of claimed nonexempt property which had not been listed for taxation.  They were put on inquiry formally in that way; it was their duty to investigate and act.  It is suggested that the society is not a party to the proceeding.  It is not a necessary party to mandamus proceeding, by generally accepted law.  In this particular case, if and when its property may be listed, it has an appeal by the terms of the Act itself, to the Superior Court.

It is very evident that the point in controversy between the taxing authorities of Branford and certain of its citizens, and involving the interest of the general taxpaying public, is as to the exemption of the property of the society from taxation.  Certainly this cannot be determined upon the consideration of a motion to quash, which itself admits, for purposes of determination of the motion, that the property is not exempt.  That question can only be determined upon a proper return to the alternative writ.  The motion to quash was erroneously granted.

There is error, and the cause is remanded to the Superior Court for further proceedings according to law.

In this opinion the other judges concurred.