## ROARD OF FIRE COMMISSIONERS OF THE CITY OF BRIDGEPORT, ET AL.

Superior Court     Fairfield County     File #55032

MEMORANDUM FILED NOVEMBER 30, 1938.

Delaney, Murphy & Kotler, of Bridgeport; J. Robert Nowitz, of Bridgeport, for the Plaintiff.

Harry Schwartz, of Bridgeport, for the Defendants.

MUNGER, J.   The decision of the case involves no step beyond the elementary principle that a plaintiff's recovery must be based upon the facts alleged.   The relator has entirely failed to prove the essential allegations constituting the cause of action set forth in the complaint.

He is not now a member of the Bridgeport Fire Department, nor was he a member at the time the writ was issued.   He was dismissed from the department for cause, after hearing, upon charges preferred against him.   He took no appeal from this action, a right created by section 87 of the charter of the city, and makes no claim that there was any irregularity in the proceedings of dismissal.   No such appeal, indeed, could be expected, since he appeared before the board of Fire Commissioners, pleaded guilty to the charges preferred and, according to the record, cast himself upon its mercy.

Neither at the time the writ was issued nor at the time of his dismissal had he been retired.   He had not even made application for retirement.   Upon this point I cannot hesitate in accepting the definite testimony of Chief Burns.   As pointed out by Judge Dickenson in a former memorandum, there can be no pension, or right to one, unless and until there has been

a retirement pursuant to the power of the Board of Fire Commissioners given it by the city charter.

The status of the relator at the time of his dismissal, instead of that of a fireman retired from duty, or who had applied for retirement, was that of a member of the department in active service, drawing full pay. It would hardly comport with human experience that he should seek retirement after his physical disability had been reported to the board, since he was assigned to duty no more arduous than acting as watchman in a fire house that had been abandoned.

The case which the relator has attempted to present, as described in the complaint, is that of a member of the fire department, physically disabled, who, seeking the pension provided for, has applied for retirement and received no action by the board upon such application. In these proceedings therefore, he seeks a writ of mandamus, to the end that the board may be compelled to act upon the application. The facts in evidence do not support his contention.

It is said that when the physical disability of the relator was known to the Board of Fire Commissioners it became its duty to retire him, even without an application. It is provided in the charter that, in case of physical disability, the board "may" retire. The relator says that this provision is mandatory, that "may" is to be taken as meaning "must", citing *State ex rel. Foote vs. Bartholomew,* 103 Conn. 607.

It is unnecessary to argue the point to consider whether this is the correct construction of the language of the charter relating to the subject. The fact is that, after a report of the physical condition of the relator had been made to the board, he received something apparently far better than retirement— a classification of active duty which entitled him to full pay, but involved work of the lightest possible nature. The relator himself says that he experienced no difficulty in doing it.

The relator made no complaint, nor, as before noted, could he be expected to have done so, until after his dismissal from the department.

It only remains to repeat that no evidence supports the allegations of the complaint, and that there are no facts and no possible construction of the charter of the city in connection with them upon which the relief sought in these proceedings can be predicated. Judgment must be for the respondents.