## LAKE GARDA COMPANY, INC.
### *vs.*
### GEORGE LEWITT

| Superior Court | Hartford County | File No. 60872 |
|---|---|---|

MEMORANDUM FILED MARCH 5, 1940.

*Monroe S. Gordon,* of New Britain, for the Plaintiff.

*Pelgrift & Blumenfeld,* of Hartford, for the Defendant.

INGLIS, J. This action was returned to the City Court of New Britain. That court entered judgment in favor of the plaintiff and from that judgment the defendant has taken an appeal to this court. This motion to dismiss the appeal is based on the contention that section 1364e of the 1939 Supplement to the General Statutes allows appeals from city courts in towns of over 15,000 population only to the Supreme Court of Errors. The defendant's contention is that the charter of the City of New Britain provides for such an appeal as this and that the 1939 act relating to minor courts has not repealed that provision of the charter.

It is true that the Minor Courts Act does not expressly repeal the charter provision. The question, therefore, is as to whether the charter provision is repealed by implication. An earlier statute is impliedly repealed by a later statute only if the latter is necessarily repugnant to the former. *Leete vs. Griswold Post,* 114 Conn. 400, 405. The question, therefore, is as to whether the provisions of the Minor Courts Act are repugnant to the charter provision which allows appeals from the City Court of New Britain to the Superior Court and that question turns on the interpretation of the section of the Minor Courts Act which provides for appeals.

That section reads in part as follows: "Sec. 1364e. Appeals. Except in summary process and bastardy actions, appeals from civil judgments of any town, city, city and police or borough court in any town, city or borough having a population, according to the 1930 federal census, of fifteen thousand or more, may be taken to the supreme court of errors in the manner provided by law for appeals from the superior court."

The section makes no other provision for appeals from civil judgments of city courts in towns of over 15,000 population, except that it expressly provides that appeals from such courts in bastardy actions shall lie to the Court of Common Pleas if any in that county, otherwise to the Superior Court. It does provide for appeals from such courts in towns of less than 15,000 population, stating that, if taken, they shall be taken to the Court of Common Pleas if there is such a court in the county, otherwise to the Superior Court.

If that section is to be interpreted as expressing the intention of the Legislature that the remedy by appeal provided for therein is an exclusive remedy—that is, if it was the intention of the Legislature that that section should provide for all appeals to be

taken from the minor courts, then, of course, it is clear that it does repeal by implication the provision of the charter of the City of New Britain which provides for appeals to the Superior Court.

There is no especial significance in the fact that the section reads that appeals "may" be taken to the Supreme Court of Errors rather than that they "shall" be so taken. The word "may" when used in a statute is to be interpreted as mandatory rather than permissive if the context permits it and it is necessary to do so in order to make the statute effective to carry out the legislative intent. *State ex rel. Foote vs. Bartholomew,* 103 Conn. 607, 612; *Burnap vs. Water Commissioners,* 94 id. 286, 292; *State vs. Conlon,* 65 id. 478, 487. It is interesting to note that the statute which provides for appeals from the Courts of Common Pleas as well as from the Superior Court (Gen. Stat. [1930] §5689) reads that, if either party shall consider himself aggrieved by the decision, "he *may* appeal from the final judgment" to the Supreme Court of Errors (italics not in original). No one would seriously contend that because the word "may" had been used there instead of the word "shall" it would follow that the Legislature had not intended that that section should provide the exclusive remedy by appeal from the Courts of Common Pleas and the Superior Court.

If the Legislature, in framing section 1364e, had said that appeals "shall" be taken to the Supreme Court of Errors instead of that they "may" be so taken, the section would have been open to the interpretation, rather forced it is true, but nevertheless, possible, that judgments of city courts were not final and that appeals must be taken in all cases. In other words, if what the Legislature intended to say was that a judgment of a city court need not be appealed from but, if it is, the appeal will lie only to the Supreme Court, the most apt and direct way of expressing that intention in the sentence as it is framed was for it to use the word "may" rather than the word "shall" and to express its intention in just the way the section now reads.

In this connection, it has been pointed out that, in providing for appeals from the minor courts in towns of less than 15,000 population, the Legislature has used the word "shall." The second sentence of the section which provides for such appeals reads that an appeal if taken within one week "shall be allowed." From this it is argued that in the first sentence of the section, the one providing for appeals from minor courts in

towns of over 15,000, the Legislature must have used the word "may" in contra-distinction to the word "shall" and with the intent that an appeal to the Supreme Court was only permissive. The answer to that is that the construction of the second sentence of the section is radically different from that of the first sentence, and that, as the second sentence is constructed, the word "shall" is apt to express the intention that any appeal which is taken must be taken to the specified court, whereas in the first sentence as that is constructed it would not be apt and precise for that purpose.

In interpreting any part of an act of the Legislature, if any doubt arises as to the intention expressed therein, one must look to the entire act to find the purpose of the Legislature as an aid. Section 1364e is a part of the Minor Courts Act passed by the 1939 General Assembly and now chapter 281b of the 1939 Supplement to the General Statutes, Revision of 1930.

It is apparent from a survey of that whole act that it was the intention of the Legislature to preserve merely the structure of the town, city and borough courts theretofore existing and to provide a new and uniform jurisdiction and practice and procedure for those courts. Section 1361e establishes the jurisdiction of such courts. There is no possibility of argument that any of these courts may still have any other limits of jurisdiction because the charter provision relating to them gives them such. Section 1362e specifies how and when process shall be served and returned to these courts. It could not reasonably be contended that charter provisions as to the time of service and return of process still hold good.

Section 1363e lists the fees that are to be collected by the clerks, obviously supplanting any charter provisions in relation thereto. Section 1365e provides for a waiver of jury trial and that there shall be no jury in the minor courts. Section 1367e provides for rules of practice. It is clear that in all town, city and borough courts, irrespective of charter provisions, from now on there will be no juries and the practice will be in accordance with the provisions of the act and not in accordance with former rules.

In short, so far as jurisdiction and practice and procedure in the town, city and borough courts is concerned, the slate is wiped clean and an entirely new order is set up. If that is clearly the intention of the Legislature as regards other steps in

procedure, it is unbelievable that it is to be otherwise as to the matter of appeals. Indeed, the last section of the act, section 1370e provides that the provisions of the act shall not "affect the jurisdiction of any town, city, borough, city and police or police court to proceed with any civil or criminal matter properly pending before it on July 1, 1939, to final judgment, nor with any appeals from judgments of said courts which have been taken before said date, but, when any judgment has been rendered but no appeal has been taken before said date, the provisions of this charter concerning appeals shall apply to any such case." This provision of the act is of course not conclusive on the question now under consideration, but it at least indicates that the Legislature intended that a radical change in the manner of appeals from the minor courts should take place on July 1, 1939. If appeals after that date were to continue to be allowed as provided by charter and special acts in addition to such as are allowed by the act, the Legislature would hardly have been so explicit in providing that after that date "the provisions of this chapter....shall apply to any such case."

Again, looking at the Minor Courts Act as a whole, it is apparent that the Legislature intends to make a clear distinction between town, city or borough courts in towns of over 15,000 population and those in towns of less than 15,000 population. The former are given a much higher jurisdiction. The former, therefore, are to be of a higher degree of dignity than the latter. It is, of course, apparent from a mere cursory reading of section 1364e that the Legislature intended to make some distinction between them in the matter of appeals. Bearing in mind that an appeal to the Supreme Court of Errors is only on questions of law and, therefore, permits no retrial of the issues of fact, whereas an appeal to a Court of Common Pleas or the Superior Court contemplates a trial *de novo* on the facts, it seems quite probable that the Legislature believed that, in courts of such high dignity as those in towns of over 15,000 population, one trial on issues of fact was adequate. By such an arrangement the parties are not deprived of their constitutional right to a trial by jury because, under section 1365e, by going to trial in the minor court, they have waived that right. Accordingly, there is at least no reason to suspect that, in the matter of appeals, it was not the intention of the Legislature to put the city courts in towns of over 15,000 population on the same basis as the Courts of Common Pleas and limit the parties to litigation therein to one trial on the facts.

to a closer scrutiny of section 1364e itself. The section is entitled "Appeals." In a section so entitled one ordinarily expects to find every provision with reference to that subject which the Legislature intends to apply. If the Legislature had intended that appeals should lie in any manner otherwise than as expressly provided, it surely would have at least made some reference thereto. No such reference is made and no intimation is given that the Legislature contemplated any manner of appeal other than those expressly provided for in the section.

Moreover, it is to be noted that the Legislature does provide a kind of appeal in all possible cases in the minor courts, except of course, in summary process cases which have never been appealable. All cases in the minor courts in towns of less than 15,000 population are appealable to the Courts of Common Pleas, or lacking such in the county, to the Superior Court. Bastardy cases in the minor courts in towns of over 15,000 population are likewise apppealable to the Courts of Common Pleas. All other cases in the courts in towns of over 15,000 are given a right of appeal to the Supreme Court of Errors. The mere fact that some sort of appeal is provided for in each of all possible cases is strong indication that the Legislature intended that those methods of appeal should be exclusive.

There is much significance in the fact that the Legislature has expressly provided that appeals in bastardy cases in minor courts in towns of over 15,000 population should lie to a Court of Common Pleas rather than to the Supreme Court of Errors. If it had been intended that some charter provisions providing for appeals in all cases in such courts to the Common Pleas Courts or the Superior Court should continue in effect, it would hardly have been necessary for the Legislature to make that special provision for appeals in bastardy cases to those same courts.

Finally, it should be borne in mind that, heretofore, most charter provisions have provided for appeals from the minor courts to the Courts of Common Pleas or to the Superior Court, respectively, on the basis of the amount involved in the case. The new act abolishes all such distinctions between cases brought to city courts in towns of over 15,000 population— that is, all distinctions made on the basis of the amount involved. So far as the act goes, expressly at least, the appellate court is determined by whether the action is brought in a minor court in a town of over 15,000 population or in a minor court

in a town of less than 15,000 population. Such a method of determining the appellate court is so inconsistent with the old charter provisions for determining the appellate court on the basis of the amount involved in the litigation, that it is hardly conceivable that the Legislature could have intended that the two should continue to coexist. To have both methods of appeal continue to exist side by side would cause altogether too much confusion.

On the whole, therefore, both because the act as a whole expresses clearly the intention of the Legislature to set up a new, uniform and exclusive jurisdiction and practice and procedure for the minor courts of the state and because, specifically, section 1364e sets up methods of appeal which purport to be exclusive and are inconsistent with the continuance of any other methods of appeal, it is concluded that the intention expressed by the Legislature in section 1364e is that the right of appeal set forth therein is exclusive. The provisions of section 1364e are, accordingly, repugnant to any pre-existing charter provisions relating to appeals from the minor courts. Therefore, the adoption of section 1364e repealed by implication all former charter provisions providing for appeals from town, city or borough courts.

The fact that the 1939 General Assembly passed a special act (Special Acts of 1939, No. 210, pp. 147, 148) providing for the taxation of fees and costs on appeals from the City Court of New Britain is of no special significance on the question here presented. Without attempting to decide whether the provisions of that special act are inconsistent with the Minor Courts Act, as it is herein interpreted, it is obvious that if they are inconsistent they, too, are repealed by implication because the Minor Courts Act probably became effective after the Special act was passed and if they are not inconsistent they carry no implication with reference to the intention of the Legislature when it adopted the Minor Courts Act.

The motion is granted and an order may enter dismissing the appeal.