HUGH M. ALCORN, STATE'S ATTORNEY, EX REL. EMIL BSULLAK
*vs.*
JOHN DOWE, COMPTROLLER

Superior Court     Hartford County     File No. 65244

MEMORANDUM FILED JULY 11, 1941.

*Simon Bernstein,* of Hartford, for the Plaintiff.

*Spellacy & Yeomans,* of Hartford, for the Defendant.

BOOTH, J. From the allegations of the alternative writ of mandamus issued against John Dowe, Comptroller of the State of Connecticut, upon the application of one Emil Bsullak, admitted by the motion to quash, it appears that on February 8, 1941, Bsullak was employed by the State under a Merit Act classification. On that date he was drafted into the military service of the United States under the Selective Service Act and began to perform his military training for a period of one year. Sometime after his induction into the Army he made demand upon the State Comptroller for the difference in pay between his State salary and his military salary, in accordance with the statute made and provided, but the Comptroller has refused to grant his request.

The statute referred to in the writ as a basis for the relief sought is section 682e of the 1939 Supplement to the General Statutes. Taken alone this section seems to clearly support the relator's position and the allegations of the alternative writ appear on their face to sufficiently set forth facts entitling the relator to a peremptory writ. To meet this situation the motion to quash urges four objections, the most important of which is the first.

It is claimed therein that the writ is defective in failing to allege the existence of a "specific appropriation." Upon such authority as has been suggested by counsel it is doubtful whether the absence of such an appropriation would amount to a defense on the merits and it is abundantly clear that there is no authority requiring the writ to negative such a defense even if it be available. This question may be more properly determined upon a full hearing of the cause and certainly should be pleaded by the respondent if he seeks to avail himself thereof. It is not the proper function of a motion to quash to allege facts not otherwise pleaded. *State ex rel. Foote vs. Bartholomew,* 103 Conn. 607, 611. It therefore cannot be assumed, as suggested by the first and second grounds of the motion to quash, that no such "appropriation" is in fact available.

The third ground of the motion is the claim that the respondent must construe a statute, thus exercising judgment, rendering his act no longer ministerial. The decisions on this question do not go to the lengths claimed by the respondent.

The language of the statute is plain and the claimed application to the facts direct.

Under such circumstances compliance with the statute does not necessarily cease to be a ministerial act although there may be other possible constructions of the statute than that contended for. 18 R.C.L. *Mandamus* §30; *Matter of Gilhuly's Petition*, 124 Conn. 271.

The fourth ground of the motion is the usual denial of a plain positive duty on the respondent's part to perform the act demanded and the relator's corelative right to have the act performed. From what has been said this ground is already disposed of in the early part of this memorandum. Whatever defenses there may be to the issuance of a peremptory writ should be raised by appropriate pleading and await the determination of a full hearing on the merits.

There is nothing in the motion to quash justifying the dismissal of the proceedings at their present stage and it is therefore overruled.