STATE EX REL. STANKUS ET AL. v. PARKER ET AL., SELECTMEN

SUPERIOR COURT      LITCHFIELD COUNTY      FILE NO. 12258

Memorandum filed June 14, 1948.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Plaintiffs.

*John H. Cassidy,* of Waterbury, for the Defendants.

MURPHY, J. The respondents as selectmen of the town of Watertown have refused to comply with the relators' application to define the boundaries of a highway in said town which is called Old Brookside Road or Brookside Road. It is alleged that the boundaries are lost or uncertain.

To the alternative writ of mandamus issued to compel compliance with General Statutes, § 1462, or to signify cause to the contrary the respondents have filed a motion to quash.

"May" as used in this statute means "must." *Hartford Trust Co.* v. *West Hartford,* 84 Conn. 646, 650; *State ex rel Foote* v. *Bartholomew,* 103 Conn. 607, 612.

The motion to quash is the equivalent of a demurrer. It admits the truth of the allegations in the alternative writ for the purposes of the motion.

The writ issues when the duty of which enforcement is sought is the performance of a precise definite act in relation to which the respondent has no discretion, and when the right of the person applying for it is clear and he is without other adequate remedy. *State ex rel Foote* v. *Bartholomew,* supra, 617.

Respondents claim the relators have a sufficient remedy under § 1421. This section provides for action by the county commissioners to compel the repair of highways. Relators are not seeking to have the highway repaired but to have the bounds defined.

If the highway has been abandoned, as claimed by the respondents, that is a matter of defense to be interposed upon the hearing on the issuance of the peremptory writ.

The motion to quash is denied.