STATE EX REL. THE EASTERN COLOR PRINTING COMPANY *v.* ALDRO JENKS, ASSESSOR OF THE CITY OF WATERBURY

KING, MURPHY, SHEA and ALCORN, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued March 7—decided April 2, 1963

*J. Warren Upson,* with whom was *Kenyon W. Greene,* for the appellant (plaintiff).

*John D. Mahaney,* assistant corporation counsel, with whom was *Harry F. Spellman,* corporation counsel, for the appellee (defendant).

MURPHY, J.   The state's attorney for New Haven County at Waterbury, upon the relation of The Eastern Color Printing Company, a property owner and taxpayer in Waterbury, seeks a peremptory writ of mandamus to compel the defendant, the sole assessor in Waterbury, to view all of the real estate in that city and to revalue the properties for assessment under General Statutes § 12-62.   The trial court denied the writ primarily on the theory that the company had an adequate remedy of which it had not availed itself, in that it could have appealed to the board of tax review and then to the courts for the revaluation of its property.   As a secondary reason, the court held that the company was not a proper petitioner for the writ.   From the judgment for the defendant, the company has appealed.

The pertinent portion of § 12-62 reads as follows: "The assessors of all towns, consolidated towns and cities and consolidated towns and boroughs, unless otherwise provided, shall, during each period of ten years after February 1, 1930, view all of the real estate of their respective municipalities, and shall revalue the same for assessment." In *Conzelman* v. *Bristol,* 122 Conn. 218, 222, 188 A. 659, the legislative intent as expressed in § 1142 of the 1930 Revision, now, as amended, General Statutes § 12-62,

was stated to be: "[A]t least once in every period of ten years every piece of real estate in the municipality should be viewed and revalued, but it is not required that this be done as to all properties in the same year. It is of course desirable, where it is possible, to complete a revaluation in one year so that the values of all properties going into the grand list next prepared may be based upon that revaluation, for in this way all values will be determined by the use of the same method. If the work must be spread over more than one year care should be taken that inequalities do not result from the use of one method in valuing certain properties and another method in valuing other properties. Such a result might be avoided . . . by using the values resulting from the revaluation only when the work has been completed and the value of all property can go into the list of a certain year as determined upon the basis of that revaluation." All of the real estate in Waterbury was viewed and revalued for assessment as of June 1, 1945. That revaluation covered the ten-year period ending February 1, 1950. There has been no such revaluation since 1945. It is obvious, therefore, that the failure of the defendant to make and complete another revaluation by February 1, 1960, constituted a disregard of the mandate of the statute. The application for the writ of mandamus was made in August, 1961.

The conclusion of the court that the company is not a proper petitioner for the writ is predicated upon the finding that the company failed to prove that it had sustained any special injury because the statutory revaluation had not been made in the 1950-60 decade or that it was aggrieved by that fact. In his brief, the defendant claims also that

the state tax commissioner, under General Statutes § 12-4, has the sole responsibility of forcing an assessor by mandamus to carry out the duties of his office. There was no allegation made, and no evidence was offered, that the company had sustained any special injury by the defendant's failure to revalue the real estate in Waterbury. It was not necessary that it do so. Although this action was instituted at the request of the company, it is one to enforce a duty which the defendant, a public officer, owes to the public at large. Without doubt, the state's attorney could have, and probably should have, prosecuted the mandamus in his own name to compel the performance of the public duty. Practice Book § 306; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618, 132 A. 30. Our practice in this respect, prior to the adoption of the rule in 1951, was not uniform, and mandamus was sanctioned in cases in which the state, on the relation of an individual, sought the writ to compel a public officer to perform a public duty. See *State ex rel. Coe* v. *Fyler,* 48 Conn. 145 (to compel a tax collector to collect a tax); *State ex rel. Bulkeley* v. *Williams,* 68 Conn. 131, 35 A. 24, aff'd, 170 U.S. 304, 18 S. Ct. 617, 42 L. Ed. 1047 (to compel a town treasurer to pay an order drawn on him for the town's share of district expenses); *State ex rel. Marsh* v. *Lum,* 95 Conn. 199, 111 A. 190, and *State ex rel. Johnson* v. *Atchison,* 105 Conn. 315, 135 A. 456 (to compel town treasurers to honor orders drawn on them). The application here should be treated in the same manner as the relatively similar issue was in *State ex rel. Foote* v. *Bartholomew,* supra, 618, in which the writ was sought to compel the board of relief of Branford to add certain real estate to the assessment list. The record in that

case indicates that it was initiated on the relation of Foote, although the application for the writ was in the name of the state's attorney. Id., 617; 295 Rec. & Briefs, back of pp. 1563, 1564. We stated that by omitting the allegations with reference to Foote, the complaint contained allegations adequate to bring the matters in issue before the court. Id., 618. If we eliminate the one paragraph in the complaint in the present action in which it is alleged that the company is the owner of real estate in Waterbury on which it has paid taxes, the complaint alleges the failure of the defendant to obey the legislative directive and is sufficient to present the issue to the court, despite the recital that the state's attorney was acting at the behest of the company. When the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the people are regarded as the real party in interest, and the relator at whose instigation the proceedings are instituted need not show that he has any legal or special interest in the result. High, Extraordinary Legal Remedies (3d Ed.) § 431.

General Statutes § 12-4 provides a procedure by which the tax commissioner can compel the compliance by any municipal tax official with the laws pertaining to the discharge of the duties of his office, where the commissioner has ascertained that the official has failed to comply with them. The defendant claims that, inasmuch as the statute authorizes the issuance of an order in the nature of a mandamus on the application of the tax commissioner, the statute provides an exclusive remedy by which the defendant can be forced to do his duty. Section 12-4 was originally enacted in 1925. At that time, the duties of the tax commissioner were set forth

in § 1318 of the Revision of 1918 and generally were the same as the duties now embodied in General Statutes § 12-2. To overcome the lack of a provision in § 1318 for authority in the commissioner to take action against delinquent tax officials, the legislature amended § 1318 by adding to it the provisions now to be found in § 12-4. Public Acts 1925, c. 109. In the Revision of 1930, the fore part of § 1318 became § 1088, and the part which was added by the 1925 amendment became § 1089. These provisions were continued as separate sections in the Revisions of 1949 and 1958. Rev. 1949, §§ 1680, 1681; General Statutes §§ 12-2, 12-4. In 1926, the defendants in *State* v. *Erickson,* 104 Conn. 542, 133 A. 683, advanced the same argument as the defendant here, namely, that by chapter 109 of the Public Acts of 1925 the legislature vested in the tax commissioner of the state the sole power to proceed to enforce the statutes providing for the duties and obligations of boards of assessors and boards of relief. 304 Rec. & Briefs 1976. We stated: "Nor can we believe that the legislature, by those provisions of Chapter 109 of the Public Acts of 1925 which authorize the tax commissioner to sue out a writ of mandamus to prevent illegal acts by taxing officials, meant to trench upon the established functions of the State's Attorneys to invoke the power of the court, in cases coming within their cognizance, to compel public officers to perform their duties." *State* v. *Erickson,* supra, 549. Nothing has occurred, since 1926, to change our opinion. Mandamus other than under § 12-4 is still available in a proper case involving tax officials.

The defendant claims also that the provisions of § 12-62 are not mandatory but discretionary. The statute uses the words "shall . . . view" and

"shall revalue." So far as these two operations are concerned, the statute is mandatory, and the defendant is obliged to conform to it. *Blake* v. *Meyer,* 145 Conn. 612, 616, 145 A.2d 584. He is called upon to perform ministerial acts in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment on the propriety of the acts being done. *State ex rel. Board of Education* v. *D'Aulisa,* 133 Conn. 414, 423, 52 A.2d 636.

There is no support in the record for the conclusion of the court that the company had an adequate remedy available to it by an appeal to the board of tax review and from it to the courts for a revaluation of its property. The complaint contains no allegation that the property of the company is unjustly or excessively assessed or that it is otherwise aggrieved by the doings of the assessor. The company has complained to the state's attorney, and he in turn has filed a complaint in court concerning what the defendant has failed to do. An appeal to the board of tax review would be fruitless. There is nothing in the statutes giving the board of tax review any jurisdiction over the defendant in the matter of the periodic revaluation of real property. In *State* v. *Erickson,* supra, 548, we quoted from *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 618, 132 A. 30, as follows: "[A]ny other relief, the existence of which will preclude the resort to the remedy by mandamus, must not only be adequate, but it must be specific, that is, . . . adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject matter involved." We added that we had also pointed out in the *Bartholomew* case that, in such a case as the present one, "even though the proceeding be nominally taken upon the relation of an

individual, the State is itself the real party plaintiff, and modes of redress subject to the control of the individual may not be adequate for the protection of the public interests."

There is error, the judgment is set aside and the case is remanded with direction to issue the peremptory writ of mandamus.

In this opinion the other judges concurred.