STATE EX REL. ELWOOD L. METZ, JR. *v.* TIMOTHY J. MURPHY, JR., PUBLIC WORKS COMMISSIONER

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 147722

Memorandum filed September 12, 1966

*Norman Zolot,* of Hamden, for the plaintiff.

*Harold M. Mulvey,* attorney general, and *Frederick D. Neusner,* assistant attorney general, for the defendant.

Wright, J. In this case, an action for mandamus has been brought against the Connecticut commissioner of public works by a representative of various artisans in the Farmington area, claiming that out-of-state workers have been engaged in the site development project for the new medical-dental school in Farmington. The prayer for relief requests an order that the commissioner of public works (a) "institute an action to recover damages for any breach of such contract," and (b) report noncompliance with § 31-52 of the General Statutes to the appropriate prosecuting authority for criminal action.

While some discussion was had at the hearing with respect to whether or not a site improvement project is the same thing as the "construction, remodeling or repairing of any public building by the state" as set forth in § 31-52, the court does not consider that this is determinative of the pending motion.

The statute of prime importance in the present proceeding is § 31-52, subsection (b), which provides as follows: "(b)  Each contract for the construction or repair of any building under the supervision of the state or any of its agents shall contain the following provisions: 'In the employment of labor to perform the work specified herein, preference shall be given to citizens of the United States, who are, and continuously for at least three months prior to the date hereof have been, residents of the town in which such work is to be done, and if no such qualified person is available, then to citizens who have continuously resided in the county in which the work is to be performed for at least three months prior to the date hereof, and then to citizens of the state who have continuously resided in the state at least three months prior to the date hereof.' "  It is conceded that such a clause was

contained in the contract between the defendant commissioner and one Roger Pytko, but the relator complains that Pytko employed nonresidents of the state of Connecticut and "failed and neglected to make any effort to secure qualified employees residing in the Town of Farmington, or the County of Hartford, or the State of Connecticut, although qualified persons were available." It should be noted that § 31-52, subsection (a), stipulates that "preference shall be given to citizens of the state"; and subsection (a) also provides for a criminal penalty for any violation of the subsection.

An action for mandamus against a public official for the enforcement of a public duty may properly be brought where the duty is clear and mandatory, as opposed to a purely discretionary duty. *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444. In the present case, the mandatory duty of the commissioner to insert the required preference clause in the contract was admittedly carried out. The relator states, however, that the commissioner has a further duty under the provisions of § 4-126, where he is responsible for the "award of contracts and supervision and inspection." It is the opinion of the court, however, that § 31-52 is purely a criminal statute, and once the commissioner of public works has carried out his duty of inserting the proper preference clause in a contract, he has satisfied the legislative mandate. It should also be noted that nowhere in the complaint has any mention been made that a preference was given to nonresident employees.

Finally, the prayer for relief requests the performance of two functions which are not the proper functions of the commissioner of public works, since (a) the attorney general of the state is the only official with the power to bring civil suits (General Statutes § 3-125), and (b) the state's attorney is the

public official with the power to institute criminal prosecutions, and any interested citizen may make his complaint to the state's attorney.

In view of the foregoing, the motion to quash is granted.