In this action the plaintiffs, taxpayers and occupants and owners of residential properties in West Hartford, seek a writ of mandamus directing the defendant, superintendent of building inspection of the town of West Hartford, to forbid and restrain the maintenance of rooming houses by Joseph P. Rechel and Shirley Rechel on property owned by them at 55 Highland Street and 739 Prospect Avenue in the general vicinity of the homes of the plaintiffs.
The complaint of the plaintiffs is directed against the failure of the defendant building inspector to do his duty in forbidding and restraining the maintenance of the rooming houses in question. It is their contention that he has abrogated his responsibility by failing to make an independent investigation regarding the status of rooming houses in West Hartford and by the blind reliance upon an opinion from the present corporation counsel of West Hartford. With this opinion, the plaintiffs' counsel, a former corporation counsel of West Hartford, violently disagrees.
The status of rooming houses in West Hartford has not been clear of some confusion. The former building inspector had issued cease and desist orders to other rooming house operators.
It is noted that the owners of the rooming houses in question are not parties defendant to this action. It is the contention of the plaintiffs that they are not necessary parties. They contend that, where the performance of a public duty is concerned, the individual property owners need not be joined. InState ex rel. Foote v. Bartholomew, 103 Conn. 607,618, it was held that, where the state's attorney brings an action to compel the performance of a public duty by writ of mandamus, he may prosecute it in his own name, although it is the frequent practice *Page 441 
in this state for him to do so at the relation of a private individual where there is a private right to have the duty performed. In such a situation, it was held that, in mandamus proceedings to compel the listing of omitted taxable property, the owner is not a necessary party. Id., 623; see also State ex rel.Eastern Color Printing Co. v. Jenks, 150 Conn. 444
(involving the alleged failure of the assessors of the city of Waterbury to complete the revaluation of real property within the ten-year statutory period).
In the instant case, however, the action was not brought by the state's attorney acting in his own name or at the relation of the plaintiffs as private individuals claiming that there was a private right to have the duty performed.
When the question is one of public right and the object of mandamus is to procure the enforcement of a public duty, the people are regarded as the real party in interest, and the relator at whose instigation the proceedings are instituted need not show that he has any legal or special interest in the result. High, Extraordinary Legal Remedies (3d Ed.) § 431.
"Any other relief, the existence of which will preclude the resort to the remedy by mandamus, must not only be adequate, but it must be specific, that is, . . . adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject-matter involved." State ex rel. Foote v.Bartholomew, supra, 618; State v. Erickson,104 Conn. 542, 548.
It is the position of the court that the resort to the extraordinary remedy of mandamus is not available to the plaintiffs individually. The resort to this form of action, rather than to other remedies, will only shift the ultimate burden of proof between the plaintiffs and the Rechels — the actual contestants. *Page 442 
In view of the plaintiffs' contention that the duty of the defendant in this action is so clear as to admit no question of discretion on his part and that their position, in contradistinction to that of the Rechels, is so much more tenable, they should have no difficulty in other proceedings in sustaining their burden.
Injunction proceedings have been held to lie, where there is an unauthorized extension of a nonconforming use, on the complaint of neighbors in the immediate vicinity where they can show special and peculiar injury. Jobert v. Morant, 150 Conn. 584; see Lavitt v. Pierre, 152 Conn. 66, 72 (an action sounding in injunction was used to attempt to restrain the named defendant from using her premises in a rural residential area for business or commercial purposes).
In view of the above, the court holds that the extraordinary remedy of mandamus will not lie under the present circumstances.
 Judgment for the defendant must be, and therefore is, entered.