[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Daniel V. Presnick, is a resident of the town of Orange, Connecticut. The defendant, Mitch Goldblatt, is the first selectman of Orange. On February 7, 2002 the plaintiff filed this action, in two counts, against the defendant. The first count alleges that the defendant appointed Brian Stone as town counsel in November, 1999. The defendant was reelected to the position of first selectmen in 2001 and continued to employ Brian Stone as town counsel, without formally reappointing him to the position. The plaintiff alleges that the failure to reappoint Brian Stone, or someone else, as town counsel violates § 9.30 of the town charter which provides that the appointment of town counsel shall be for a two year term. The first count seeks an order of mandamus,[1] directing the defendant to either formally reappoint Brian Stone, or to appoint someone else, to the position of town counsel in accordance with the charter. The second count alleges that the defendant has used the services of Brian Stone personally and thereby misappropriated money from the town. The second count seeks money damages.
The defendant has answered, admitting that he originally appointed Brian Stone to the position of town attorney in 1999 but denying the remainder of the count. The allegations as to the misappropriation of services are denied. The defendant has also raised as special defenses that the complaint fails to state a claim upon which relief can be granted, that the plaintiff lacks standing and that the defendant is immune from liability on the second count. The plaintiff has replied, raising a number of issues to the special defenses, which the court finds to be a denial.
Both parties have moved for summary judgment on the first count of the complaint. In support of his motion, the plaintiff has filed two memorandums of law and the affidavit of the plaintiff. The defendant has filed a memorandum of law in opposition to the plaintiff's motion, as well as a copy of article III through article IX of the Orange Town Charter.[2]
Practice Book § 17-49 provides that summary judgment shall be CT Page 9478 rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732,751, 660 A.2d 810 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Appleton v. Board of Education, supra, 209. "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 379, 260 A.2d 596 (1969).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Maffucciv. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15
(1998). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Appleton v. Board of Education, supra, 254 Conn. 209.
The defendant raises no genuine issue of material fact. The defendant's memorandum of law in support of his cross motion for summary judgment agrees that the material facts are not in dispute. The defendant's position is that the plaintiff is not entitled to the remedy of mandamus as a matter of law. Summary judgment should, therefore, be granted on the plaintiff's motion if the plaintiff is entitled to judgment as a matter of law, viewing the facts most favorable to the plaintiff. Appleton v. Boardof Education, supra, 254 Conn. 209.
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is CT Page 9479 mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Internal quotation marks omitted.) Grasso v.Zoning Board of Appeals, 69 Conn. App. 230, 234-35, 752 A.2d 503 (2002);Miles v. Foley, 253 .Conn. 381, 391, 752 A.2d 503 (2000). The determination of whether mandamus is an appropriate remedy requires a review of the Orange town charter, specifically as to the manner in which town counsel is chosen.
The position of town counsel of Orange is an appointive officer. Orange Town Charter (Charter) art. IX, § 9.1(h). The charter provides that "[t]he first selectman shall appoint all appointive officers," including the town counsel. (Emphasis added.) Charter art. IV, § 4.4; Charter art. III, § 3.8; Charter art. IX, § 9.5. Using a form of "checks and balances," the charter provides that the board of selectman of the town reviews the appointment of appointed officers, including the appointment of the town counsel. Id. The appointments become effective unless disapproved by vote of the board of selectman within ten days after presentation by the first selectman. Id. The charter provides, ". . . all appointive officers shall hold office for a term of two years. . . ." (Emphasis added.) Charter art. IX, § 9.6. As to town counsel, the charter explicitly states, "[t]he Town Counsel shall serve for a term of two (2) years or until his successor has qualified." (Emphasis added.) Charter art. IX, § 9.30. Each charter provision cited uses the term "shall" to denote the procedure whereby the first selectmen appoints the town counsel, the board of selectman reviews and approves or disapproves the appointment, which is for a two year period. The use of the term "shall," rather than may, denotes that following the procedure is mandatory, rather than directory. See Waterbury v. Washington,260 Conn. 506, 531, ___ A.2d ___ (2002); Kindl v. Department of SocialServices, 69 Conn. App. 563, 567 ___ A.2d ___ (2002). The charter, therefore, sets up a procedure for appointment of town counsel, and a term of appointment, which the first selectman is mandated to follow.
The defendant maintains that the provision in the charter which allows the town counsel to serve "until his successor has qualified"[3] gives the first selectman the authority not to reappoint a town counsel or to allow the town counsel to serve for as long as the first selectmen chooses. The provision merely ensures that the town will be continuously served by a town counsel during transition periods, such as where an appointed town counsel is disapproved by the board of selectmen, or where the appointed town counsel, for other reasons, fails to qualify. The interpretation offered by the defendant would ignore the clear intent of the charter as expressed in its unambiguous language.
The court finds that the Orange town charter sets up a procedure where CT Page 9480 the first selectman is mandated to appoint someone to the position of town counsel who shall serve for a two year period. The first selectman has discretion in deciding whom to appoint to the position of town counsel. He can always reappoint the current town counsel. He is, however, mandated by the charter to make the appointment of someone.[4]
The duty to appoint a town counsel, imposed on the first selectman by the Orange town charter, is a duty which the first selectman owes to the residents and voters of Orange. The plaintiff seeks to enforce "a duty which the defendant, a public officer, owes to the public at large." SeeState Ex Rel. Eastern Color Printing Co. v. Jenks, 150 Conn. 444, 448,190 A.2d 591 (1963). "When the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the people are regarded as the real party in interest, and the [plaintiff] at whose instigation the proceedings are instituted need not show that he has any legal or special interest in the result." Id., 449. The plaintiff has alleged that he is a resident, taxpayer and voter of the town of Orange. The defendant has not raised a genuine issue as to the plaintiff's status as alleged. The plaintiff has requested that an order of mandamus issue to compel the first selectman of Orange to comply with a public duty imposed on him by the town charter. The plaintiff has a clear legal right to have the duty performed.
The court finds that there is no other specific adequate remedy, other than the mandamus sought in this action, which can ensure compliance with the Orange town charter provision requiring the appointment of town counsel. This is clear, in light of the defendant's position as stated in his brief. While claiming that the plaintiff has an adequate remedy at law, the defendant argues that if the plaintiff disagrees with how the current first selectman is running the town, he can either vote him out of office or run for first selectman. "While such a remedy is, indeed, powerful, it enables the [first selectman] to act in what may be an improper manner between elections. Such a result cannot be accepted."Mills v. Pettit, Superior Court, judicial district of Litchfield, Docket No. 057933 (June 10, 1992, Pickett, J.) (7 C.S.C.R. 902).
The court finds that the plaintiff has a clear legal right to require that the first selectman performs his public duty by appointing a town counsel, as mandated in the Orange town charter. In accordance with the principles of equity and the discretion accorded the court in an action seeking an order of mandamus, the court finds that there is no genuine issue of material fact and that the plaintiff is entitled to summary judgment as a matter of law. The defendant is ordered to appoint a town counsel in accordance with the charter or to reappoint the current town counsel.[5] The defendant's motion for summary judgment is denied. CT Page 9481
MORAN, J.